CARMEN C. MUFFO *et al.*, Plaintiffs-Appellants, *v.* B. TODD FORSYTH, M.D., *et al.*, Defendants-Appellees.

Fifth District    No. 75-426

Opinion filed March 29, 1976.

William L. Gagen, of Lebanon (Delmar O. Koebel, of counsel), for appellants.

Gundlach, Lee, Eggman, Boyle & Roessler, of Belleville (Carl W. Lee and Terry N. Brown, of counsel), for appellee B. Todd Forsyth, M.D.

W. Thomas Coghill, Jr., and Randolph E. Schum, both of Pope and Driemeyer, of East St. Louis, for appellee Barnes Hospital, Inc.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiffs appeal from an order of the circuit court of St. Clair County dismissing the complaint of plaintiffs against Barnes Hospital, Inc., for lack of jurisdiction and quashing service of summons upon the defendant, B. Todd Forsyth, M.D. The sole issue is whether the trial court correctly ruled that it had no jurisdiction over the two out-of-State defendants for certain alleged acts of malpractice committed against the plaintiffs.

Plaintiffs, Carmen C. Muffo and Jacqueline Muffo, his wife, residents of the State of Illinois, filed a 12-count complaint alleging that the defendants, B. Todd Forsyth and Barnes Hospital, Inc., were guilty of negligence in their treatment of Carmen Muffo. The complaint alleged that the defendants prescribed a drug known as apresoline for the plaintiff Carmen Muffo, and that although Carmen Muffo had a common reaction to the drug, the defendants continued to prescribe the drug for a lengthy period of time and that the plaintiff, Carmen Muffo, suffered serious and permanent injuries as a result of this alleged negligence. The complaint further alleged acts of negligence on the part of the manufacturer of the drug, the pharmacy where the drug was purchased and the pharmacists who filled the prescription.

The defendants, Ciba-Geigy Corporation, the manufacturer; John N. Fisher, R.Ph., and Gerald P. Bailey, R.Ph., the pharmacists; and Loisel Drug Company, the pharmacy, all filed answers to the complaint and are not parties to this appeal.

The defendant, Barnes Hospital, Inc., filed a special appearance contesting the jurisdiction of the court, along with an affidavit from the assis-

tant secretary of the corporation that Barnes Hospital, Inc., was a Missouri corporation with its principal place of business in Missouri and that it does no business in Illinois. The affidavit further concluded that the plaintiff's cause of action did not arise from the commission of a tortious act in Illinois.

Defendant, B. Todd Forsyth, filed a motion to quash service of summons for the alleged reason that service was had upon the defendant, B. Todd Forsyth, in Missouri, that he had not practiced medicine in the State of Illinois, had never been a resident of the State of Illinois and that there is no statute or rule of Court which provides for extraterritorial service or jurisdiction.

On the date of the the hearing on the motion of defendants as to jurisdiction, the plaintiff, Carmen Muffo, filed an affidavit wherein he alleged that he was a resident of the State of Illinois and that he informed Barnes Hospital, Inc., at the time of his treatment. The affidavit also states that the defendant, B. Todd Forsyth, was aware of the residence of Carmen Muffo and that the defendant, B. Todd Forsyth, had called prescriptions of the drug to the defendant, Loisel Drug Company.

■■ A resolution of this dispute requires an interpretation by this court of the Illinois long-arm statute, which in pertinent part provides:

"Personal service of summons may be made upon any party outside the State. If upon a citizen or resident of this State or upon a person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State * * * ." Ill. Rev. Stat. 1973, ch. 110, par. 16(1).

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:

(a) The transaction of any business within this State;

(b) The commission of a tortious act within this State; * * *

(2) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State." Ill. Rev. Stat. 1973, ch. 110, pars. 17(1) (a), (b), and 17(2).

The Illinois Supreme Court has interpreted the above Act to "reflect a conscious purpose to assert jurisdiction over nonresident defendants to

the extent permitted by the due-process clause." *Nelson v. Miller*, 11 Ill. 2d 378, 389.

■■ In *Hanson v. Denckla*, 357 U.S. 235, 251, 2 L. Ed. 2d 1283, 1296, 78 S. Ct. 1228, the United States Supreme Court emphasized that the decisions in *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, and *McGee v. International Life Insurance Co.*, 355 U.S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199, did not herald the end of all restrictions on a State's exercise of jurisdiction over non-residents. Rather, the *Hanson* court noted:

> "However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him." 357 U.S. 235, 251, 2 L. Ed. 2d 1283, 1296, 78 S. Ct. 1228.

The requirement of such minimum contacts is designed to insure that the "assertion of jurisdiction is not fundamentally unfair." *Koplin v. Thomas, Haab & Botts*, 73 Ill. App. 2d 242, 249, 219 N.E.2d 646, 649. See also *Tankersley v. Albright*, 374 F. Supp. 530, 534 (N.D.Ill. 1973).

■■ The determination as to what constitutes such minimum contacts cannot be made by a rule of thumb but rather by what is fair and reasonable in the particular situation. (*Hutter Northern Trust v. Door County Chamber of Commerce*, 403 F.2d 481, 484 (7th Cir. 1968); *United States Dental Institute v. American Association of Orthodontists*, 396 F. Supp. 565, 570 (N.D.Ill. 1975).) There is, however, one requirement regularly imposed by the courts in determining whether a nonresident defendant has established sufficient minimum contacts to justify in personam jurisdiction. The defendant must have voluntarily invoked the protections and benefits of the laws of the State. (*Koplin v. Thomas, Haab & Botts*; *Tatham-Laird & Kudner, Inc. v. Johnny's American Inn, Inc.*, 383 F. Supp. 28, 29 (N.D. Ill. 1974); *First Professional Leasing Co. v. Rappold*, 23 Ill. App. 3d 420, 424, 319 N.E.2d 324.) The plaintiff cannot lure the nonresident defendant into the jurisdiction. The unilateral action of the plaintiff in seeking and obtaining the service of the defendant cannot serve to satisfy the jurisdictional requirement. (*Geldermann & Co. v. Dussault*, 384 F. Supp. 566, 572 (N.D.Ill. 1974); *Rosenthal & Co. v. Dodick*, 365 F. Supp. 847, 850 (N.D.Ill. 1973).) In the present case, the plaintiff sought out the defendant hospital and doctor for medical treatment. Dr. Forsyth prescribed the drug in question for the plaintiff while the plaintiff was under the doctor's care in Missouri. There is no showing that the doctor or the hospital directed or encouraged the plaintiff to have his prescription filled in Illinois or accrued any benefit by the plaintiff's choice to do such. The mere fact that the doctor knew that plaintiff would likely fill the prescription in Illinois is not sufficient to incur liability to Illinois jurisdiction.

10

(*Wright v. Yackley*, 459 F. 2d 287 (9th Cir. 1972).) While the continuing nature of the relationship between the plaintiff and the defendant might be relevant to a determination of the existence of minimum contacts in some situations, in the present case the plaintiff was the motivating force for the relationship. Plaintiff sought medical treatment in Missouri. It does not seem unreasonable to require the plaintiff to return to Missouri to prosecute any actions arising out of that treatment.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.