CHICAGO FILM ENTERPRISES, Plaintiff-Appellant, *v.* SCOTT JABLANOW, Defendant-Appellee.

First District (5th Division)   No. 77-406

Opinion filed December 16, 1977.

Arthur S. Wulf, of Chicago, for appellant.

James R. Krasney and David L. Tomchin, both of Chicago (Carmel, Baker & Marcus, Ltd., of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff appeals from an order dismissing a complaint against defendant, a Missouri resident, for lack of jurisdiction. The complaint alleged a breach of contract. The sole issue is whether the trial court correctly ruled that it had no jurisdiction over the out-of-State defendant.

A resolution of this dispute requires an interpretation of the Illinois "long-arm" statute. Ill. Rev. Stat. 1975, ch. 110, par. 17(1)(a).

The complaint alleged, in substance, that on April 18, 1974, plaintiff and defendant, pursuant to telephone conversations, entered into a verbal agreement and that by the terms of that agreement, defendant agreed to screen and view plaintiff's film entitled "Katz & Caresso—The Contract" at defendant's theater in St. Louis, Missouri. The complaint further asserted that on April 24, 1975, plaintiff shipped a print of the movie to defendant at Mid-America Theater, St. Louis, Missouri, by Greyhound Bus; that defendant or his agent received the film as evidenced by the receiving and signing of a waybill by an employee or agent of defendant; that defendant indicated by telephone conversations during May 1975, that he liked the film and wanted to show it to several groups of people; that plaintiff subsequently requested return of the film but never received it back; that on November 24, 1975, defendant sent a letter to plaintiff stating that his records indicated that he never received the film; that on January 16, 1976, defendant's attorney sent a letter to plaintiff indicating that defendant had no recollection of receiving the film. The complaint further alleged that plaintiff has sustained damage from defendant's refusal to return the film, as well as loss of profits from organizations to which plaintiff has been unable to show the film and secretarial and telephone expenses incurred in attempting to recover the film in the total amount of $3,591.

Summons was served on defendant in the city of Overland, St. Louis County, Missouri. Defendant filed a special and limited appearance and a motion to dismiss based on lack of jurisdiction.

Defendant submitted his affidavit in support of his motion to dismiss. His affidavit stated that he was served with summons in the city of Overland, St. Louis County, Missouri; that he was a resident of the State of Missouri and did not reside in the State of Illinois; that he never transacted business with plaintiff, if any, in a State other than the State of Missouri; and that plaintiff instituted the transactions by telephoning him in his office in the city of Overland, St. Louis County, Missouri. Plaintiff responded by filing the affidavit of Julius Schwarzstein, general partner of Chicago Film Enterprises, which stated that he was a resident of Chicago, Illinois; that in March 1975 he talked by telephone with defendant in St. Louis, Missouri, and told him that Chicago Film was distributing a movie entitled "Katz & Caresso"; that defendant indicated that he was interested in the film and that he wanted to hold a screening of the film in St. Louis to show it to the heads of certain religious organizations, and then to exhibit it at the Esquire Theater in St. Louis; that defendant requested that the film be shipped to St. Louis by Greyhound Bus and he would have Kahn Delivery Service pick it up; that on April 24, 1975, plaintiff shipped the

film by Greyhound Bus, and it was picked up by defendant's agent on April 25, 1975; that in May or June 1975, defendant indicated in telephone conversations that he had viewed the film and that it was very good and he wanted to show it to other people; that plaintiff telephoned defendant on numerous occasions to ascertain the time of the screening of the film; that defendant said he returned the film to Kahn Delivery Service in July 1975, and gave Kahn's name and telephone number; that in July 1975, Kahn Delivery Service told plaintiff that the film was never returned to them; that plaintiff requested on numerous occasions from June through November 1975, that defendant return the film, and defendant in November 1975, stated in a letter that he had never received the film.

After a hearing on the motion to dismiss, the court found that jurisdiction was not proper in Illinois and sustained defendant's motion.

OPINION

Plaintiff contends in this court that defendant transacted business within this State thereby rendering him amenable to in personam jurisdiction within Illinois pursuant to the "long-arm statute." (Ill. Rev. Stat. 1975, ch. 110, par. 17(1)(a).) That statute provides, in pertinent part:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(a) The transaction of any business within this State. * * *"

Plaintiff argues that defendant transacted business in Illinois when an agreement between the parties was effected via telephone and plaintiff shipped a film to defendant for viewing. Defendant maintains that he never transacted business with plaintiff in the State of Illinois, and that the transaction, if any, upon which the complaint is based, occurred outside Illinois.

In *Nelson v. Miller* (1957), 11 Ill. 2d 378, 143 N.E.2d 673, the Supreme Court of Illinois held that the Illinois "long-arm" statute was intended to extend jurisdiction over nonresidents to the extent permitted by due process. The Supreme Court of the United States in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158, asserted that in order to exercise in personam jurisdiction over a nonresident defendant due process must be satisfied in that he must have certain minimum contacts with the forum State such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." The issue of minimum contacts depends on the specific facts of each case, and existence or absence of jurisdiction

depends on an assessment of the quality and nature of defendant's activity. (*McBreen v. Beech Aircraft Corp.* (7th Cir. 1976), 543 F.2d 26.) Accordingly, the proper inquiry is whether defendant can be said to have purposefully invoked the benefits or protection of Illinois law. (*Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240; *Central Clearing, Inc. v. Omega Industries, Inc.* (1976), 42 Ill. App. 3d 1025, 356 N.E.2d 852.) In *Hanson,* the court emphasized that the decision in *International Shoe Co.* and *McGee v. International Life Insurance Co.* (1957), 355 U.S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199, did not proclaim the end of all restrictions on a State's exercise of jurisdiction over nonresidents. Instead, the *Hanson* court noted:

> "However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him." (357 U.S. 235, 251, 2 L. Ed. 2d 1283, 1296, 78 S. Ct. 1228, 1238.)

The defendant must have voluntarily invoked the protections and benefits of the laws of the State. (*First Professional Leasing Co. v. Rappold* (1974), 23 Ill. App. 3d 420, 319 N.E.2d 324.) Plaintiff cannot lure the nonresident defendant into the jurisdiction. The unilateral action of plaintiff in sending the film from its Illinois office cannot serve to satisfy the jurisdictional requirement, because only the acts of defendant are relevant. (*Geldermann & Co. v. Dussault* (N.D. Ill. 1974), 384 F. Supp. 566; *Rosenthal & Co. v. Dodick* (N.D. Ill. 1973), 365 F. Supp. 847.) In the present case, assuming, *arguendo,* the validity of the allegations of plaintiff's affidavit that defendant was interested in plaintiff's film, wanted to screen it for possible exhibition and that the film was shipped to defendant in Missouri, there remains uncontroverted the fact that delivery, screening and possible exhibition were to occur in Missouri. Moreover, it is undisputed that plaintiff initiated the telephone transaction by calling defendant in Missouri.

In the case of *Chicago Silver Exchange v. United Refinery, Inc.* (N.D. Ill. 1975, 394 F. Supp. 1332, 1335, it has been held that "section 17 [of the Illinois long-arm statute] clearly requires that the activities which are relied on to sustain jurisdiction must give rise to the suit in question, at least in part * * *." In the instant case, it appears that the only contact defendant had with Illinois was through an unsolicited telephone call made by plaintiff to defendant in Missouri, the shipping of the film to Missouri, and subsequent telephone conversations. There are no allegations that defendant ever had an office, branch or telephone listing in Illinois, solicited any business from plaintiff or originated any telephone calls to plaintiff. We believe on the basis of these facts that defendant did not have the jurisdictional minimum contacts with Illinois to justify

subjecting him to the jurisdiction of the Illinois circuit court pursuant to section 17(1)(a) of the Civil Practice Act. See *Chicago Silver Exchange; Geldermann & Co., Inc.; Rosenthal & Co.; Central Clearing, Inc.; Artoe v. Mann* (1976), 36 Ill. App. 3d 204, 343 N.E.2d 647.

We have examined the three appellate court cases most heavily relied upon by plaintiff and have concluded that they are distinguishable on their facts from this cause. In *Colony Press, Inc. v. Fleeman* (1974), 17 Ill. App. 3d 14, 308 N.E.2d 78, the court sustained jurisdiction where defendant telephoned the plaintiff and requested the printing of advertising material to be inserted in a newspaper. Plaintiff prepared the copy and sent it to defendant, who made certain corrections and returned it for the final approval, printing and shipment to a newspaper in Canton, Ohio. *Cook Associates, Inc. v. Colonial Broach & Machine Co.* (1973), 14 Ill. App. 3d 965, 304 N.E.2d 27, also relied on by plaintiff, does not support plaintiff's position. In *Cook Associates* the court upheld jurisdiction where the defendant telephoned the offices of Cook Associates, an employment service, inquiring about a certain prospective employee and agreed to pay a fee if said individual was ultimately hired. He was hired a year after the first interview and left that employment voluntarily after two years. Similarly, in *First Professional Leasing Co. v. Rappold* (1974), 23 Ill. App. 3d 420, 319 N.E.2d 324, the court sustained jurisdiction in an action in which the nonresident defendant solicited the lease contract in question from the plaintiff in Illinois and applied for a loan. Money for the transaction was provided by an Illinois security agreement and the defendant actually made a number of payments in Illinois. Moreover, the court stated:

> "We further note that defendant here affirmatively sought the benefits and protection of Illinois law within the meaning of *Hansen [sic] v. Denckla, supra.* Certainly defendant knew plaintiff was an Illinois resident, knew that the contract was to be executed and performed in Illinois, and knew that he was signing an Illinois security agreement." (23 Ill. App. 3d 420, 424.)

In all three of these cases the transactions involved were initiated by the defendants either by a telephone call as in *Cook Associates* and *Colony Press* or by defendant soliciting plaintiff in Illinois as in *First Professional Leasing*. Furthermore, in each case, defendants knew or should have known that the completion of the contract would be performed exclusively in Illinois. Here, in contrast, plaintiff telephoned defendant in Missouri without any solicitation by defendant and thereafter shipped a film to Missouri. Moreover, defendant's affidavit has indicated that he never transacted business in Illinois with plaintiff and that any transactions of business between plaintiff and defendant, if a transaction may have occurred, took place in Missouri.

We note that plaintiff is not without a remedy. Plaintiff may file suit to obtain a judgment in Missouri without it becoming an unfair and unconscionable burden. In the present factual situation, it does not seem unreasonable to require plaintiff to prosecute his action in Missouri. See *Muffo v. Forsyth* (1976), 37 Ill. App. 3d 6, 345 N.E.2d 149.

For the foregoing reasons, the order of the Circuit Court of Cook County dismissing the cause is affirmed.

Order affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.