ODESSA BALLARD *et al.*, Plaintiffs-Appellants, *v.* FRED E. RAWLINS, M.D., INC., *et al.*, Defendants-Appellees.

Fifth District   No. 80-534

Opinion filed October 14, 1981.

Johnson & Johnson, of Metropolis (Dolores J. Johnson and Louis P. Johnson, of counsel), for appellants.

Roy L. Carnine, of Campbell, Furnall, Moore & Jacobsen, P. C., of Mt. Vernon, and Richard Steele, of Finch, Bradshaw, Strom & Steele, of Cape Girardeau, Missouri, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiffs, Odessa Ballard and Edward Ballard brought an action against defendant, Fred E. Rawlins, a medical doctor who resides and practices in Cape Girardeau, Missouri, for alleged malpractice. Defendant appeared specially objecting to the jurisdiction of the Circuit Court of Pulaski County over his person. Plaintiffs appeal from the order quashing service of summons and entering judgment of dismissal for defendant contending that the trial court obtained personal jurisdiction over the

defendant pursuant to section 17 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 17).

Plaintiffs, residents of the State of Illinois, filed a five-count complaint against the defendant alleging that he negligently treated Odessa Ballard. The complaint alleged that the defendant failed to examine plaintiff after being informed of the seriousness of her condition. The complaint further alleged that the defendant prescribed a drug, Benedictin, used for the treatment of nausea, although the plaintiff's condition indicated she was suffering from toxemia. As a result of the alleged negligent treatment, a premature Cesarean section was performed on plaintiff, causing the death of plaintiff's baby and serious injury to plaintiff.

In the complaint, plaintiffs alleged that defendant transacted business within Illinois in that he solicited patients in Illinois, called prescriptions to Illinois pharmacies, and accepted payments for medical services from the Illinois Department of Public Aid. The defendant was personally served with summons in Missouri.

In the affidavit accompanying defendant's appearance and motion, he stated that he is a physician specializing in obstetrics and gynecology, is licensed by the State of Missouri and is president of a Missouri professional corporation with offices located in Cape Girardeau, Missouri. The defendant is not licensed to practice medicine in Illinois, does not practice in Illinois and does not have any offices or employees in Illinois.

For the convenience of patients, defendant occasionally calls prescriptions to pharmacies located in Illinois. The affidavit further states that defendant treated plaintiff for her pregnancy, such treatment occurring solely in Missouri. In addition, the defendant avers that he did not solicit plaintiff as a patient but rather plaintiff voluntarily sought his professional services. Finally, defendant states that although he treats patients that reside in Illinois, these patients initiate the relationship and treatment occurs entirely within the State of Missouri.

After a hearing on the motion to dismiss, the trial court found that jurisdiction was not proper in Illinois, citing *Muffo v. Forsyth* (1976), 37 Ill. App. 3d 6, 345 N.E.2d 149, as controlling authority.

Section 17 of the Civil Practice Act provides, in pertinent part, the following:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:

(a) The transaction of any business within this State;

(b) The commission of a tortious act within this State;

* * *

(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this Section * * *." Ill. Rev. Stat. 1979, ch. 110, pars. 17(1)(a)(b) and (3).

The Illinois Supreme Court has held that section 17 of the Act is intended to expand personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution. *Nelson v. Miller* (1957), 11 Ill. 2d 378, 389, 143 N.E.2d 673, 679.

■■ In order for a State court to exert jurisdiction over a nonresident defendant consistently with the Constitution, there must exist sufficient minimum contacts between the defendant and the forum State such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154; *Milliken v. Meyer* (1940), 311 U.S. 457, 463, 85 L. Ed. 2d 278, 283, 61 S. Ct. 339, 342.) The determination as to what constitutes sufficient minimum contacts depends upon the facts of each case. *Muffo v. Forsyth* (1976), 37 Ill. App. 3d 6, 345 N.E.2d 149; *Chicago Film Enterprises v. Jablanow* (1977), 55 Ill. App. 3d 739, 371 N.E.2d 161.

As noted above, the trial court in the instant case premised its decision on *Muffo v. Forsyth* (1976), 37 Ill. App. 3d 6, 345 N.E.2d 149. In *Muffo*, the plaintiff, an Illinois resident, appealed from an order of the trial court dismissing the complaint for lack of jurisdiction over the defendants, a Missouri hospital and doctor. The complaint alleged that the defendants were negligent in their treatment of the plaintiff in that they continued to prescribe a certain drug for the plaintiff after she had experienced a common reaction to the drug. The court held that the defendants were not subject to Illinois jurisdiction. The court reasoned that jurisdiction could not be premised on the unilateral act of the plaintiff in seeking medical treatment from a nonresident hospital and doctor. The important jurisdictional facts were that the plaintiff sought medical treatment from the defendants and that the treatment occurred entirely within Missouri. The fact that the prescription was filled in Illinois was considered an insufficient contact with the State because there was no showing that the defendants directed the plaintiff to fill the prescription in Illinois or that they received any benefit from the plaintiff doing so.

The plaintiffs here contend that the defendant had many more contacts with Illinois than did the defendant in *Muffo*. Their initial contention in that regard is that the defendant here solicited plaintiff, Odessa Ballard, as a patient in the State of Illinois. We find, however, that the evidence does not support this assertion.

At the hearing on the motion, plaintiff testified that she first became a patient of the defendant while she was a Missouri resident. When she later moved to Illinois, the defendant charged her a reduced office fee for a period of time after being told that plaintiff could no longer afford the customary charge in addition to the increased expense of travel. Plaintiff received the reduced fee only until she remarried and there was no showing that defendant charged plaintiff a reduced fee for the treatment of her pregnancy. The affidavit of defendant states that he did not solicit plaintiff as a patient, but rather plaintiff voluntarily sought his professional services.

■■ Where jurisdiction is denied by the defendant, the burden of proving its presence rests upon the party asserting it. (*Stephens v. Northern Indiana Public Service Co.* (1980), 87 Ill. App. 3d 961, 409 N.E.2d 423.) The evidence here indicates that the physician-patient relationship between plaintiff and defendant arose entirely within the State of Missouri and had existed for several years before defendant reduced his office fee. In addition, the fee reduction itself occurred within Missouri, and was only in effect for a period of time before plaintiff's pregnancy. Viewing the evidence as a whole, we find the reduction of defendant's office fee an insufficient basis for asserting jurisdiction over defendant in this State.

Plaintiffs also attempt to distinguish this case from *Muffo* with the argument that defendant, through accepting payments from the Illinois Department of Public Aid, purposefully invoked the benefits and protection of the laws of the State. At the hearing, evidence was introduced showing that the defendant had received payments from the State for medical treatment provided to Illinois public aid patients. It is unclear, however, whether defendant was billing the State of Illinois at the time the present cause of action arose. The defendant no longer accepted Illinois public aid patients at sometime during 1977, the year the present cause of action arose. In addition, the plaintiff, during the entire course of her treatment, was a private-paying patient. Section 17 of the Practice Act "requires that the activities which are relied on to sustain jurisdiction must give rise to the suit in question, at least in part * * *." (*Chicago Film Enterprises v. Jablanow* (1977), 55 Ill. App. 3d 739, 742, 371 N.E.2d 161, 164.) In the instant case, the activity which plaintiff relies on to sustain jurisdiction is the receipt of public aid payments by defendant at a previous time. The suit, however, arose from the alleged negligent treatment of plaintiff, a private-paying patient. The public aid payments are not connected with the instant litigation; hence, they do not support jurisdiction in Illinois; furthermore, we do not mean to suggest that such a "contact" would support the exercise of jurisdiction over a defendant in a like situation.

Plaintiff next contends that defendant committed "tortious acts"

within the meaning of the Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 17). In support of this contention, plaintiff makes two arguments. First, it is argued that defendant in calling the prescription to an Illinois pharmacy instead of examining plaintiff at defendant's office in Missouri, chose to treat plaintiff in Illinois, and, thereby, submitted to the jurisdiction of the State of Illinois. As in *Muffo*, there is no showing that the defendant encouraged the plaintiff to fill the prescription in Illinois or that the defendant received any benefits from the plaintiff doing so. The mere fact that defendant asked plaintiff for the name of a drug store close to the plaintiff, such drug store being in Illinois, is an insufficient basis for subjecting the defendant to the jurisdiction of Illinois. Second, plaintiff argues that the defendant's negligent treatment of plaintiff constituted a breach of contract, such breach occurring in Illinois. As in *Muffo*, the plaintiff initially sought out the defendant for medical treatment. This treatment occurred entirely within the State of Missouri. Even assuming arguendo, that a breach of contract is a tortious act within the meaning of the Illinois Practice Act, the breach occurred in the State of performance, which was Missouri.

■■ Finally, plaintiffs contend that it is reasonable to exercise jurisdiction over the defendant because the Illinois court is located within fifteen miles of the defendant's office. The concept of "minimum contacts" serves two functions: (1) To protect the defendant from the burdens of litigating in an inconvenient forum, and (2) to restrain the exercise of the power of the States congruent with our Federal system of government. (*World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559.) Because we find that the plaintiffs have failed to demonstrate sufficient affiliating circumstances showing a relationship between the defendant, the State of Illinois and this lawsuit, the relative convenience of the location of the Illinois tribunal is not sufficient to establish personal jurisdiction over the defendant.

For the foregoing reasons, the judgment of the Circuit Court of Pulaski County is affirmed.

Affirmed.

KASSERMAN, P. J., and JONES, J., concur.