FRANK VEENINGA *et al.*, Plaintiffs-Appellants, *v.* EDWARD M. ALT, M.D., Defendant-Appellee.

First District (3rd Division)   No. 81—2000

Opinion filed December 30, 1982.

Charles J. Pesek, of Oak Brook, for appellants.

David C. Jensen and Paul A. Rake, both of Eichhorn, Eichhorn & Link, of Hammond, Indiana (Robert E. Haley, of Wildman, Harrold, Allen & Dixon, of counsel), for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

■ Plaintiffs, Frank Veeninga and Eileen Veeninga, his wife, filed this action for medical malpractice against an Indiana physician, Edward M. Alt, who allegedly issued in Indiana unnecessary controlled substance prescriptions to an Illinois resident, who had them filled in Illinois. The trial court quashed service summons which had been made in Indiana, and dismissed the complaint. From this order plaintiffs appeal. The sole issue is whether the Illinois courts have *in personam* jurisdiction over the Indiana physician.

Plaintiffs' complaint alleges: that Frank Veeninga was a patient of defendant from 1971 until March 17, 1979; that during this time defendant negligently prescribed for him the drug demerol; and that as a proximate result, the Veeningas sustained damages. The complaint further alleges that defendant knew, or should have known: that Frank Veeninga was a resident of Cook County, Illinois; that the prescriptions for demerol issued by defendant were filled in Cook County; and that the drug was injected by Frank Veeninga into his body in Cook County, pursuant to the orders and directions of defendant. Defendant moved the circuit court to quash service of summons. In support thereof, defendant filed his affidavit, which stated: that he is a resident of Indiana and has been a resident of Indiana for 41 years; that he is a physician licensed to practice medicine only in Indiana; that he has maintained a business office in Munster, Indiana, for 20 years; that he has had hospital staff affiliations at St. Margaret Hospital in Hammond, Indiana, since 1960; that he has never maintained a professional office in Illinois and has never had staff affiliations with a hospital in Illinois; and that he transacts no professional business in Illinois. The affidavit further stated: that defendant had a professional relationship with Frank Veeninga from 1971 until November 27, 1978; that all of his examinations and treatment of Frank Veeninga took place in Indiana, not Illinois; and that he gave prescriptions for medication to Frank Veeninga at his office in Hammond, Indiana.

Plaintiffs argue that under the Illinois long-arm statute (Ill. Rev. Stat. 1981, ch. 110, par. 17, now codified as Ill. Rev. Stat. 1981, ch.

110, par. 2—209), our courts have jurisdiction over the defendant with regard to their claim against him. Section 17 of the Civil Practice Act, in pertinent part, provides:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person *** to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:

(a) The transaction of any business within this State;

(b) The commission of a tortious act within this State; *** "

Our supreme court has stated that our long-arm statute reflects "a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due-process clause." (*Nelson v. Miller* (1957), 11 Ill. 2d 378, 389, 143 N.E.2d 673.) Recently, in *Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 436, 427 N.E.2d 1203, the court clarified this observation by stating: "A statute worded in the way ours is should have a fixed meaning without regard to changing concepts of due process, except, of course, that an interpretation which renders the statute unconstitutional should be avoided, if possible." Accordingly, "the boundaries or limits under our statute are not to be equated with the 'minimum contacts' test under the due process clause." (*Cook Associates, Inc. v. Lexington United Corp.* (1981), 87 Ill. 2d 190, 197, 429 N.E.2d 847; see *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.) "[T]his due process standard represents only the outer limits beyond which a State may not go to acquire jurisdiction over nonresidents." *Cook Associates, Inc. v. Lexington United Corp.* (1981), 87 Ill. 2d 190, 197.

Thus, we must determine whether the long-arm statute should be construed in a way which embraces plaintiffs' claim against defendant, and if so, whether the assertion of jurisdiction by our courts over defendant is prohibited by due process safeguards.

We observe that two appellate court opinions from the Fifth District, construing our long-arm statute in the light of due process safeguards, have held that Illinois courts did not have jurisdiction over nonresident doctors. (*Ballard v. Rawlins* (1981), 101 Ill. App. 3d 601, 428 N.E.2d 532; *Muffo v. Forsyth* (1976), 37 Ill. App. 3d 6, 345 N.E.2d 149.) Plaintiffs concede that *Ballard* and *Muffo* are factually similar to the case at bar, and that if we rule in favor of plaintiffs, our decision would not be in harmony with those cases. In *Muffo*, the court stated:

"In the present case, the plaintiff sought out the defendant hospital and doctor for medical treatment. Dr. Forsyth prescribed the drug in question for the plaintiff while the plaintiff was under the doctor's care in Missouri. There is no showing that the doctor or the hospital directed or encouraged the plaintiff to have his prescription filled in Illinois or accrued any benefit by the plaintiff's choice to do such. *The mere fact that the doctor knew that plaintiff would likely fill the prescription in Illinois is not sufficient to incur liability to Illinois jurisdiction.* *** Plaintiff sought medical treatment in Missouri. It does not seem unreasonable to require the plaintiff to return to Missouri to prosecute any actions arising out of that treatment." (Emphasis added.) (37 Ill. App. 3d 6, 9-10.)

In *Ballard,* the court stated:

"[I]t is argued that defendant in calling the prescription to an Illinois pharmacy instead of examining plaintiff at defendant's office in Missouri, chose to treat plaintiff in Illinois, and, thereby, submitted to the jurisdiction of the State of Illinois. As in *Muffo,* there is no showing that the defendant encouraged the plaintiff to fill the prescription in Illinois or that the defendant received any benefits from the plaintiff doing so. *The mere fact that defendant asked plaintiff for the name of a drug store close to the plaintiff, such drug store being in Illinois, is an insufficient basis for subjecting the defendant to the jurisdiction of Illinois."* (Emphasis added.) 101 Ill. App. 3d 601, 605.

*Muffo* and *Ballard* are persuasive authority that defendant did not transact any business within Illinois under subparagraph (a) of our long-arm statute. However, we have somewhat more difficulty finding that defendants did not commit a tortious act within Illinois as set forth in subparagraph (b). Our supreme court has stated: "[P]hysical presence is not necessary for the commission of a tortious act within this State; *** the place of a wrong is where the last event takes place which is necessary to render the actor liable." (*Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 437; see also *Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 435, 176 N.E.2d 761.) Like *Gray,* the last event in this case was in Illinois, where the alleged injury to plaintiffs occurred. In this regard, we observe that the complaint specifically alleges that the prescriptions for demerol were filled in Illinois and that the drug was injected by plaintiff into his body in Illinois.

■ However, even if we were to assume that the words of our long-arm statute can be construed to embrace plaintiffs' claim against

defendant, an Illinois court can only assert jurisdiction over a nonresident defendant if such jurisdiction is consistent with due process safeguards. Both *Muffo* and *Ballard* relied upon due process limitations. *Ballard* repeated the rationale of *Muffo* that jurisdiction could not be premised on the unilateral action of the plaintiff in seeking and obtaining medical treatment from a nonresident doctor and hospital. (101 Ill. App. 3d 601, 603.) This rationale is rooted in constitutional law. In *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1239-40, the United States Supreme Court stated:

> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

(See also *World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 298, 62 L. Ed. 2d 490, 502, 100 S. Ct. 559, 567.) Like *Muffo*, we find this rule dispositive. (See *Wright v. Yackley* (9th Cir. 1972), 459 F.2d 287, 290.) Here, defendant did nothing to invoke the benefits and protections of Illinois law. It was the unilateral activity of Frank Veeninga in seeking and obtaining medical services outside of Illinois which led to the acts of which plaintiffs complain. Accordingly, we hold that defendant was not amenable to the jurisdiction of Illinois courts.

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.