Betty Sue **LEMKE,** as Special Administrator of the Estate of Michael Kirt Lemke, a Minor, Deceased, Plaintiff,

v.

**ST. MARGARET HOSPITAL,** Dr. U.H. Patel and Wentworth Jr. High School, School District # 155, Defendants.

No. 82 C 4194.

United States District Court, N.D. Illinois, E.D.

Sept. 21, 1983.

Albert F. Hoefeld, Ltd., Bruce M. Kohen, Anesi, Ozmon, Lewin & Associates, Ltd., Chicago, Ill., for plaintiff.

Daniel J. O'Connor, Pat Herald, Baker & McKenzie, Robert Marc Chemers, Richard L. Berdelle, Pretzel, Stouffer, Nolan & Rooney, Chtd., Beverly Pause, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Betty Sue Lemke sued St. Margaret Hospital, Hammond, Indiana, Dr. U.H. Patel, and Wentworth Jr. High School District # 155, alleging that defendants' wrongful conduct led to the injury and death of her minor son. In a previous opinion, we denied St. Margaret Hospital's motion to transfer venue to the Northern District of Indiana. We also denied Wentworth Jr. High School, School District # 155's motion to remand this matter to the Circuit Court of Cook County. *Lemke v. St. Margaret Hospital*, 552 F.Supp. 833 (N.D.Ill.1982). Dr. Patel has moved this Court to reconsider our holding that he is present and doing business in Illinois, and thus subject to Illinois jurisdiction.

We referred Dr. Patel's motion to Magistrate Joan Humphrey Lefkow for a report and recommendation. Magistrate Lefkow recommended that we reconsider our previous ruling and find that Dr. Patel is not subject to Illinois jurisdiction. For reasons

set forth below, we agree with and adopt the magistrate's recommendation and hold that Dr. Patel is not subject to Illinois jurisdiction. Accordingly, Dr. Patel's motion to dismiss this matter for lack of personal jurisdiction is granted. Since our previous rulings on St. Margaret Hospital's motion to transfer and Wentworth Jr. High School, School District #155's motion to remand were premised in part on our denial of Dr. Patel's motion to dismiss, we reconsider those motions as well and grant them.

### Dr. Patel's Motion to Dismiss

■ When a non-resident defendant challenges personal jurisdiction, the plaintiff must make a prima facie showing of the basis for such jurisdiction. *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir.1971). State court jurisdiction is examined with regard to the local law basis for jurisdiction as well as federal due process standards. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 290, 100 S.Ct. 559, 563, 62 L.Ed.2d 490 (1980). Illinois standards for personal jurisdiction are analytically distinct from federal due process standards. *Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 436–37, 56 Ill.Dec. 657, 660, 427 N.E.2d 1203, 1206 (1981).

■ We previously concluded that personal jurisdiction over Dr. Patel did not exist under the tortious act provision of the Illinois long-arm statute, Ill.Rev.Stat. ch. 110 ¶ 2–209. *Lemke v. St. Margaret Hospital*, 552 F.Supp. 833, 836–838 (N.D.Ill. 1982). However, we concluded that Dr. Patel, by treating Illinois patients solicited by St. Margaret Hospital and referred to him, was "present and doing business" in Illinois and subject to personal jurisdiction. We now reconsider that holding.

Illinois recognizes that the "present and doing business" theory is a basis for asserting personal jurisdiction distinct from the long-arm statute. Ill.Rev.Stat. ch. 110 ¶ 2–204; *St. Louis San Francisco Ry. Co. v. Gitchoff*, 68 Ill.2d 38, 11 Ill.Dec. 598, 369 N.E.2d 52 (1977). *Gitchoff*, however, involved the assertion of personal jurisdiction over a defendant foreign corporation whose representative spent considerable time working in Illinois. We have found no cases which have applied the "present and doing business" theory to *individuals*, and we now decline to apply this theory to Dr. Patel. Illinois cases involving out-of-state physician defendants, moreover, have not applied the "present and doing business" theory to such defendants. *Veeninga v. Alt*, 111 Ill.App.3d 775, 67 Ill.Dec. 544, 444 N.E.2d 780 (1982); *Ballard v. Rawlins*, 101 Ill.App.3d 601, 56 Ill.Dec. 940, 428 N.E.2d 532 (1981); *Muffo v. Forsyth*, 37 Ill.App.3d 6, 345 N.E.2d 149 (1976).

Accordingly, Dr. Patel's motion to reconsider is granted, and this matter is dismissed with respect to him.

### St. Margaret Hospital's Motion to Transfer

In our previous opinion, we denied Dr. Patel and St. Margaret Hospital's motions to transfer venue to the Northern District of Indiana, Hammond Division. However, because of our ruling that this Court had personal jurisdiction over Dr. Patel in Illinois, we did not address Dr. Patel's and St. Margaret Hospital's argument that transfer of the case would serve the interests of justice if personal jurisdiction could not be obtained over Dr. Patel. Therefore, our present resolution of Dr. Patel's motion for reconsideration requires that we now also reconsider the hospital's motion to transfer.

According to 28 U.S.C. § 1404(a),

[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ The purpose of this section is to prevent avoidable waste of time, energy and money and to protect parties, witnesses and the public from inconvenience and expense. *Continental Grain Co. v. The FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). Before considering the factors under § 1404(a), it must be

clear that venue is proper in this district, and that the transferee court is in a district where the action might have been brought. *Hess v. Gray*, 85 F.R.D. 15, 24 (N.D.Ill. 1979). There is no indication that venue is improper in the Northern District of Illinois. Venue is also proper in the Northern District of Indiana, for St. Margaret hospital has its principal place of business within that district, and Dr. Patel is an Indiana resident.

Turning to the first two § 1404(a) factors, the hospital asserts that it and any Indiana witnesses would be inconvenienced by litigating this case in Illinois. Transfer of this case to Indiana, however, would inconvenience plaintiff and her Illinois witnesses, including witnesses from the school and Michael Reese Hospital; and where transfer would merely shift rather than eliminate inconvenience, a plaintiff's original choice of forum ought not to be disturbed. *Blumenthal v. Management Assistance, Inc.*, 480 F.Supp. 470, 474 (N.D. Ill.1979). However, we believe that the interests of justice require that this case be transferred to Indiana. With Dr. Patel unavailable for suit in Illinois, plaintiff is faced with the possibility of two lawsuits, one in Indiana against Dr. Patel and one in Illinois against the hospital and the school district. Transfer of the entire case to the federal district court in Indiana would apparently foreclose a suit against the school in that forum, pursuant to Ill.Rev.Stat. ch. 110 ¶ 2–103(a), *see* note 1, *infra*. But we believe that judicial economy and the interests of justice require that medical mal-

practice actions against the doctor and the hospital be conducted in the same forum at the same time. A single medical malpractice trial would also be more convenient for the parties and witnesses. Thus, it is appropriate to remand claims against the school to the Illinois state courts [1] and to transfer the case against the hospital to Indiana.

Accordingly, St. Margaret Hospital's motion to transfer is granted, and Dr. Patel's motion to dismiss for lack of personal jurisdiction is granted. Wentworth Jr. High School's motion to remand is also granted. It is so ordered.

## MAGISTRATE'S REPORT AND RECOMMENDATION

### August 1, 1983

JOAN HUMPHREY LEFKOW, United States Magistrate.

This matter is pending before me on defendant U.H. Patel, M.D.'s, motion to reconsider and vacate the District Court's Memorandum Opinion of December 13, 1982, holding that defendant Patel is subject to Illinois jurisdiction on the basis that he was present and doing business in Illinois. *Lemke v. St. Margaret Hospital*, 552 F.Supp. 833 (N.D.Ill.1982). The motion is joined by defendant St. Margaret Hospital.

As summarized in the defendant's reply to plaintiff's sur-reply memorandum filed July 11, 1983, defendant's position is that the district judge incorrectly found that he received referrals from St. Margaret Hospi-

---

1. In our previous opinion, we held that removal of the entire case to federal court, including claims against Wentworth Jr. High School, was proper, notwithstanding the fact that a claim against the school alone would be nonremovable. *See* 28 U.S.C. § 1441(c). *Lemke v. St. Margaret Hospital*, 552 F.Supp. 833, 839–41 (N.D.Ill.1982). Additionally, we exercised our discretion and determined that the interests of the parties and judicial economy did not warrant remand of the claims against the school to state court. District courts have discretion to remand properly removed cases if it is in the interest of the parties and judicial economy. *Leinberger v. Webster*, 66 F.R.D. 28, 33 (E.D.N.Y. 1975). This holding was premised on our deci-

sion not to transfer the case to Indiana. *Id.* Since we have granted St. Margaret Hospital's motion to transfer the medical malpractice claims against it to Indiana, we hereby exercise our discretion and remand the negligence claims against Wentworth Jr. High School to the Illinois State Courts. As stated in this opinion, suit against the school may not be possible in Indiana pursuant to Ill.Rev.Stat. ch. 110 ¶ 2–103(a), which provides, in pertinent part, that

Actions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its principal office is located.

tal and that St. Margaret Hospital was his agent in Illinois. He further asserts that the district judge did not consider *Soares v. Roberts,* 417 F.Supp. 304 (D.R.I.1976), in reaching the conclusion that Dr. Patel was doing business in Illinois, and that *St. Louis-San Francisco Railway Company v. Gitchoff,* 68 Ill.2d 38, 11 Ill.Dec. 598, 369 N.E.2d 52 (1977) was misapplied, as were *Muffo v. Forsyth,* 37 Ill.App.3d 6, 345 N.E.2d 149 (1976), and *Ballard v. Rawlins,* 101 Ill.App.3d 601, 56 Ill.Dec. 940, 428 N.E.2d 532 (1981). Defendant also points to the recent decision in *Veeninga v. Alt,* 111 Ill.App.3d 775, 67 Ill.Dec. 544, 444 N.E.2d 780 (1982), which he states is identical to the facts presented here but was not considered by the court. Upon a review of the authorities cited in the memorandum, it is recommended that the court reconsider its decision and grant the defendant's motion.

Jurisdiction over a non-resident defendant is determined from Illinois law as limited by the due process clause. *Lemke, id.* at 836; *Green v. Advance Ross Electronics Corp.,* 86 Ill.2d 431, 436–37, 56 Ill.Dec. 657, 660, 427 N.E.2d 1203, 1206 (1981). The principal statutory basis for such jurisdiction is the long arm statute. Ill.Rev. Stat. ch. 110, par. 2–209 (1978). The district court held that the court did not have jurisdiction under the long arm statute. This is in agreement with the great weight of authority in similar cases. *E.g., Veeninga; Muffo; Ballard; Soares.*

The long arm statute, subsection (d), however, authorizes service of process "in any other manner ... provided by law." The district court thus examined the alter-

native theory that the defendant was "present and doing business" in Illinois, as discussed in *St. Louis-San Francisco Railway Co. v. Gitchoff,* 68 Ill.2d 38, 11 Ill.Dec. 598, 369 N.E.2d 52 (1977). *Gitchoff* arose under former section 13.3 of the Civil Practice Act, now codified at Ill.Rev.Stat. ch. 110, para. 2–204 (1978).[1] Paragraph 2–204 is clearly an alternative basis of jurisdiction. *Stephens v. Northern Indiana Public Service Co.,* 87 Ill.App.3d 961, 969, 42 Ill.Dec. 808, 814, 409 N.E.2d 423, 429 (1980). *Gitchoff* held that an Illinois court had in personam jurisdiction over a defendant foreign corporation where a representative of the defendant spent considerable working time in Illinois on behalf of the defendant. The Court stated, "Also, it is now clear that, under the criteria of *International Shoe (Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)), Federal due process is not offended by a state's assertion of jurisdiction over a foreign corporation in a cause of action arising from out-of-State activities, providing that the business done in-State by the foreign corporation is sufficiently substantial." *Id.,* 68 Ill.2d, at 44, 369 N.E.2d at 55. The present and doing business doctrine, then, is a limitation imposed by the due process clause on Illinois' in personam jurisdiction over a foreign corporation under paragraph 2–204 of the Civil Practice Act.

I question, however, whether it is appropriate to apply this doctrine to an individual defendant. The holding of *Gitchoff* is limited to a foreign corporation; all the cases cited in the opinion are cases of foreign corporations;[2] and the Court clearly treat-

1. Paragraph 2–204 provides as follows:
    Section 2–204. Service on private corporations. A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of said corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals.
2. In *Shaffer v. Heitner,* 433 U.S. 186, 200, 201–02, 97 S.Ct. 2569, 2577, 2578–79, 53 L.Ed.2d 683

(1977), for example, the Court referred to this doctrine as follows:
    "This basis (the practice of considering a foreign corporation doing business in a state to have consented to being sued in that state) for in personam jurisdiction over foreign corporations was later supplemented by the doctrine that a corporation doing business in a State could be deemed 'present' in the State, and so subject to service of process under the rule of *Pennoyer* (*v. Neff,* 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565 (1877))."

ed the issue as one of statutory interpretation of section 13.3 rather than one of common law.[3] While the long arm statute applies to both individuals and corporations, it does not appear to me that the present and doing business doctrine applies to individuals. If it does not apply to an individual defendant, it is of no import that St. Margaret Hospital is a procurer of a substantial proportion of defendant's patients or business.

This interpretation explains the conspicuous absence of the present and doing business doctrine in the cases in which the jurisdiction has been denied over physicians in similar circumstances. *E.g., Veeninga; Ballard; Muffo; Soares.* In addition, I have been unable to find another case in which jurisdiction was obtained over an individual based on the "present and doing business" theory.[4]

Although I agree that due process considerations do not stand in the way of jurisdiction on this theory, the first inquiry is whether there is jurisdiction under State law. If there is no such jurisdiction, the due process inquiry is unnecessary. *Green,* 86 Ill.2d at 436–37, 56 Ill.Dec. at 660, 427 N.E.2d at 1206 (1981); *Lemke,* 552 F.Supp. at 836. In this case I believe there is no jurisdiction under State law.

WHEREFORE, it is recommended that the District Judge reconsider his decision holding that jurisdiction over Dr. Patel is proper.

**3.** "This section (13.3) has been judicially construed to require that a corporation be 'doing business' in the State to justify the conclusion that the corporation was sufficiently 'present' so that it could be served in the same manner as other resident corporations." *Gitchoff,* 68 Ill.2d at 43, 369 N.E.2d at 54.

**4.** *See, e.g., Maunder v. DeHavilland Aircraft of Canada, Ltd.,* 112 Ill.App.3d 879, 68 Ill.Dec. 450, 445 N.E.2d 1303 (1983); *Colnar v. Baldknobbers, Inc.,* 107 Ill.App.3d 234, 63 Ill.Dec. 69, 437 N.E.2d 718 (1982); *Cook Associates, Inc. v. Lex-*

*ington United Corp.,* 87 Ill.2d 190, 57 Ill.Dec. 730, 429 N.E.2d 847 (1981); *Chandler Leasing Co., Inc. v. Trus Joist Corp.,* 90 Ill.App.3d 875, 46 Ill.Dec. 293, 414 N.E.2d 15 (1980); *Cook Associates, Inc. v. Lexington United Corp.,* 86 Ill.App.3d 909, 41 Ill.Dec. 446, 407 N.E.2d 944 (1980); *Braband v. Beech Aircraft Corp.,* 72 Ill.2d 548, 21 Ill.Dec. 888, 382 N.E.2d 252 (1978); *Lurie v. Rupe,* 51 Ill.App.2d 164, 201 N.E.2d 158 (1964); *Hertz Corporation v. Taylor,* 15 Ill.2d 552, 155 N.E.2d 610 (1959).