August 6, 1998

No. 3--97--0986

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1998

MARIE WEIDEN, ) Appeal from the Circuit Court

) for the 13th Judicial Circuit

Plaintiff-Appellant, ) La Salle County, Illinois

)

v. ) No. 97--L--9

)

DR. JOEL S. BENVENISTE, M.D., ) 

DR. JOHN DOE, M.D. (fictitious )

name), DR. PAUL MILLER, M.D., )

DR. GREGORY FAIRCHOK, M.D., )

) Honorable Louis J. Perona,

Defendants-Appellees. ) Judge Presiding

_________________________________________________________________

JUSTICE KOEHLER delivered the opinion of the court:

_________________________________________________________________

The plaintiff in this medical malpractice case, Marie Weiden, appeals the circuit court's dismissal of her complaint for lack of personal jurisdiction over the defendants, physicians  who reside and practice medicine in the state of Florida.  We must decide whether the circuit court erred in dismissing the plaintiff's complaint for lack of personal jurisdiction, and in so doing, we must answer the following two questions: (1) May the circuit court exercise jurisdiction over an out-of-state physician where the physician's report was sent to an Illinois physician and the alleged negligence caused an injury in Illinois? (2) Does a defendant waive his special and limited appearance by objecting to a request for a continuance and making a motion to strike an amended complaint?  Because we conclude that the circuit court did not err, we affirm.

I.

Plaintiff Marie Weiden filed a complaint in the circuit court of La Salle County against defendants, Joel S. Benveniste, M.D., Paul Miller, M.D., and Gregory Fairchok, M.D., alleging that the physicians misinterpreted mammogram films in Florida in 1990, 1991, 1992 and 1994.  The plaintiff alleges that the defendants negligently failed to detect a lesion on her left breast, which subsequently developed into a malignant tumor.  

The plaintiff, a resident of Illinois, traveled to Florida annually for the winter.  During those trips in 1990, 1991, 1992, and 1994, she obtained mammograms at a mobile testing trailer, and the films were sent to a local hospital, the Holmes Regional Medical Center, where they were interpreted by the defendant-radiologists.  

In 1994, the plaintiff requested that the 1994 mammogram report prepared by the defendants be sent to her personal physician, William Farley, in La Salle County, Illinois.  A clerical employee at the Holmes Regional Medical Center processed her request, and Dr. Farley relied on the defendants' report in treating the plaintiff.  

The plaintiff learned she had cancer of the left breast in February 1995.  After the plaintiff filed her complaint, but before the defendants had been served or had entered an appearance, the plaintiff filed an amended complaint without leave of court.  Through a special and limited appearance, 735 ILCS 5/2--301, the defendants moved to quash service and to dismiss the plaintiff's original complaint for lack of personal jurisdiction.  The circuit court dismissed the complaint for want of personal jurisdiction and subsequently denied the plaintiff's 
motion to reconsider or, in the alternative, for leave to file a second amended complaint.   This appeal followed.

II.

The issue of whether the circuit court has personal jurisdiction ov
er a defendant is a question of law, which is reviewed 
d
e 
novo
.  
White v. Ratcliffe
, 285 Ill. App. 3d 758, 764, 674 N.E.2d 906, 911 (1996).  In ruling on an objection to personal jurisdiction made by special appearance, "the court shall consider all matters apparent from the papers on file in the case, affidavits submitted by any party, and any evidence adduced upon disputed issues of fact."  735 ILCS 5/2--301(b).

A.  Due Process

The Illinois long-arm statute is coextensive with the due process requirements of the state and federal constitution.  735 ILCS 5/2--209(c).  A court's assertion of personal jurisdiction satisfies the United States Constitution when it comports with "traditional notions of fair play and substantial justice."  
International Shoe Co. v. State of Washington
, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95, 102 (1945).  Due process is satisfied when (1) the nonresident had "minimum contacts" with the state forum such that he has "fair warning" that he may be required to defend there; (2) the action arose out of or relates to the defendant's contacts with the forum; and (3) it is reasonable to require the defendant to litigate in the forum state.  
Burger King Corp. v. Rudzewicz
, 471 U.S. 462, 472-78, 105 S. Ct. 2174, 2182-85, 85 L. Ed. 2d 528, 540-44 (1985); U.S. Const., amend. XIV.  The Illinois Constitution requires that personal jurisdiction only be asserted when it is "fair, just and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois."  
Rollins v. Ellwood
, 141 Ill. 2d 244, 275, 565 N.E.2d 1302, 1316 (1990); Ill. Const. 1970, art. I, §2.

The "fair warning" requirement is met if the defendant "purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of it's laws."  
Hanson v. Denckla
, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239, 2 L. Ed. 2d 1283, 1298 (1958).  The rationale behind this "fair warning" requirement is to give "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."  
World-Wide Volkswagen v. Woodson
, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490, 501 (1980).

Do the defendants have "minimum contacts" with Illinois such that they could have reasonably anticipated being hailed into an Illinois court?  The defendants' "contacts" with Illinois consist of the following two facts:  (1) a report prepared by the defendants, interpreting the plaintiff's mammogram, was mailed by a hospital clerical worker to the plaintiff's personal physician in Illinois; and (2) the plaintiff suffered an injury in Illinois stemming from the defendants' alleged misdiagnosis.  These two facts alone are an insufficient basis for establishing that the defendants "purposefully availed" themselves of the privilege of conducting activities in Illinois.  
None
 of the defendants' activities were directed to Illinois; all of the activities were confined to Florida.  Nothing in the record suggests that the defendants knew that the plaintiff was an Illinois resident or that their report would be sent to an Illinois physician.  The defendants had 
no warning
 that their activities might subject them to the jurisdiction of an Illinois court.

Some communications by a defendant into the forum state have been held sufficient to establish "minimum contacts."  A Utah physician who rendered a diagnosis via a series of telephone calls to his patient in Montana was held to have subjected himself to the jurisdiction of the Montana courts.  
McGee v. Riekhoff
, 442 F. Supp. 1276, 1279 (D.C. Mont. 1978).  A Texas attorney who wrote letters and made phone calls to individuals in Illinois on behalf of an Illinois client "purposefully directed" his activities at Illinois residents.   
Ores v. Kennedy
, 218 Ill. App. 3d 866, 872, 578 N.E.2d 1139, 1144 (1991).  Similarly, a West Virginia attorney was forced to defend a malpractice action in Illinois stemming from his handling of a lawsuit in West Virginia for an Illinois client because he "purposefully directed" activities to an Illinois resident by writing letters and making phone calls to his client in Illinois.  
Culligan International Co. v. Wallace, Ross & Sims
, 273 Ill. App. 3d 230, 232, 650 N.E.2d 565, 568 (1995).  Finally, a North Carolina attorney retained by an Illinois resident to handle an Illinois lawsuit and who wrote letters and made phone calls to individuals in Illinois "personally availed" himself of the privilege of conducting business in Illinois.  
Klump v. Duffus
, 71 F.3d 1368, 1372 (7th Cir. 1985).  These cases represent the outer limit of "minimum contacts," and this case is distinguishable:  (1) the defendants themselves did not mail the report to the Illinois physician; and (2) the defendants did not know that they were treating an Illinois resident.
(footnote: 1)
B.  Waiver

Did the defendants waive their special and limited appearance by objecting to the plaintff's motion for a continuance 
or
 by moving to strike the plaintiff's amended complaint?  Typically, any action taken by a litigant which "recognizes the case as in court" amounts to a general appearance unless the action was taken for the sole purpose of objecting to jurisdiction.  
Lord v. Hubert
, 12 Ill. 2d 83, 87, 145 N.E.2d 77, 80 (1957).  Moreover, not all motions are "submissions to the jurisdiction of the court."  
Harris v. Wally's World of Fun, Ltd.
, 279 Ill. App. 3d 61, 65, 664 N.E.2d 324, 327 (1996).  In this case, the defendants' objection to a continuance was related to their motion to dismiss for lack of personal jurisdiction.  The objection did not address any substantive issue in the case, and thus did not submit them to the jurisdiction of the court. 
 
See
 
Jones v. Jones
, 40 Ill. App. 2d 217, 228, 189 N.E.2d 33, 38 (1
963).  Likewise, the defendants' motion to strike was similarly bound up with their assertion that the circuit court lacked personal jurisdiction.  The plaintiff had filed an amended complaint without leave of court; the defendants' motion to strike sought only to ensure that the circuit court decided the defendants' objection to personal jurisdiction with reference to the original complaint--the only complaint properly filed.  Because the defendants' actions did not go to the merits of the case and were consistent with their objection to personal jurisdiction, they did not waive their special and limited appearance.

III.

In sum, we conclude that the circuit court did not err in dismissing the plaintiff's complaint for lack of personal jurisdiction:  (1) the circuit court may not exercise personal jurisdiction over an out-of-state defendant absent some minimum contacts with Illinois, and (2) a party does not waive a special and limited appearance unless it takes an action addressing a substantive issue in the case or some other action inconsistent with its objection to personal jurisdiction.  

Affirmed.

BRESLIN and SLATER, JJ., concur.

FOOTNOTES
1: Accord, 
Veeninga v. Alt
, 111 Ill. App. 3d 775, 444 N.E.2d 780 (1982)(Indiana physician not subject to Illinois jurisdiction for writing prescription in Indiana for an Illinois resident); 
Ballard v. Rawlins
, 101 Ill. App. 3d 601, 428 N.E.2d 532 (1981)(Missouri physician not subject to Illinois jurisdiction for treating an Illinois resident); 
Muffo v. Forsyth
, 37 Ill. App. 3d 6, 345 N.E.2d 149 (1976)(Missouri physician not subject to Illinois jurisdiction for writing prescription in Missouri and filled in Illinois by an Illinois resident).