CRISPIN MAUNDER, Plaintiff-Appellant, *v.* DeHAVILLAND AIRCRAFT OF CANADA, LTD., Defendant-Appellee.—(Samuel J. Betar, Public Adm'r of Cook County, Adm'r of the Estate of Raghubir Dutt Law, Deceased, Plaintiff-Appellant, *v.* DeHavilland Aircraft of Canada, Ltd., Defendant-Appellee.)

First District (3rd Division) Nos. 81—1527, 81—1528 cons.

Opinion filed February 16, 1983.

Lord, Bissell & Brook, of Chicago (Thomas J. Strueber and Hugh C. Griffin, of counsel), for appellants.

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring and Judith E. Fors, of counsel), for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

These consolidated actions for personal injury and wrongful death arose from the crash of an airplane manufactured by defendant De-Havilland Aircraft of Canada, Ltd., a Canadian corporation. The trial court granted defendant's motion to quash service of summons and dismissed both causes for lack of jurisdiction. Plaintiffs appeal.

An airplane manufactured by defendant crashed on May 3, 1976, in Zambia, Central Africa. As a result of the crash, plaintiff Crispin Maunder, a passenger and English subject, was injured. Another passenger, Raghubir Dutt Law, a citizen of India, was killed. Maunder and Samuel J. Betar, an Illinois citizen and administrator of Law's estate, filed separate suits in the circuit court of Cook County against defendant for personal injuries and wrongful death. Plaintiffs also named as a defendant DeHavilland Canada, Inc. (DeHavilland, Inc.), a Delaware corporation with its principal place of business in Rosemont, Illinois. DeHavilland, Inc., is a wholly owned subsidiary of defendant and sells and distributes parts for airplanes manufactured by defendant. Service of the complaint and summons for both actions was effected upon defendant and DeHavilland, Inc., by leaving service on an

employee of DeHavilland, Inc., at its Illinois office.

Pursuant to petitions filed by defendant, the cases were removed to the United States District Court for the Northern District of Illinois. While the matters were pending in that court, DeHavilland, Inc., was dismissed as a party defendant. The district court granted Maunder's motion to remand his action to the circuit court of Cook County on the ground that the Federal Court was without jurisdiction, the suit being between aliens. A similar motion filed by Betar was denied on the ground that diversity did exist between Betar, as administrator, and defendant. The court subsequently found that defendant was not doing business in Illinois and granted defendant's motion to dismiss.

On appeal, the Seventh Circuit Court of Appeals reversed the district court's denial of Betar's motion to remand, holding that Betar was merely a nominal plaintiff and that therefore, like Maunder, the suit was between aliens. (*Betar v. DeHavilland Aircraft of Canada, Ltd.* (7th Cir. 1979), 603 F.2d 30, *cert. denied* (1980), 444 U.S. 1098, 62 L. Ed. 2d 785, 100 S. Ct. 1064.) The district court was instructed to remand the case to the circuit court of Cook County. The issue of personal jurisdiction was not addressed.

Upon remand to the circuit court, defendant renewed its motions to quash service of summons and to dismiss both actions for lack of personal jurisdiction. Specifically, defendant alleged that it was not subject to service of process under the long-arm statute (Ill. Rev. Stat. 1979, ch. 110, par. 17), and that DeHavilland, Inc., was not its agent for service of process in Illinois. After the cases were consolidated and discovery was pursued with respect to the jurisdictional issue, the trial court granted defendant's motion to dismiss.

On appeal, plaintiffs do not base their jurisdictional argument on the long-arm statute. They do not maintain that the airplane involved in the crash was ever in Illinois or that any of its parts had been handled, sold or was otherwise connected with defendant's Illinois subsidiary. Rather, plaintiffs urge that defendant's activities within Illinois are sufficient to constitute "doing business" here thus subjecting it to the personal jurisdiction of the Illinois courts. Alternatively, plaintiffs argue that DeHavilland, Inc., is merely an alter ego of defendant and that defendant has therefore submitted to personal jurisdiction in Illinois through DeHavilland, Inc.'s, systematic and continuous activities within this State. We initially address the claim that defendant's activities in Illinois are sufficient to constitute "doing business."

In Illinois, jurisdiction may be acquired over a nonresident for a cause of action unrelated to the corporation's activities in this State

so long as the corporation is doing business in Illinois. (*Braband v. Beech Aircraft Corp.* (1978), 72 Ill. 2d 548, 382 N.E.2d 252, *cert. denied* (1979), 442 U.S. 928, 61 L. Ed. 2d 296, 99 S. Ct. 2857.) There is no all-inclusive test for determining whether a foreign corporation is doing business in this State. (*Cook Associates, Inc. v. Lexington United Corp.* (1981), 87 Ill. 2d 190, 429 N.E.2d 847.) Such finding, however, generally requires that the corporation conducts business in Illinois of such a character and extent as to warrant the inference that it has subjected itself to the jurisdiction and laws of Illinois. (*Cook Associates, Inc. v. Lexington United Corp.*) More than mere solicitation generally is required. (*St. Louis-San Francisco Ry. Co. v. Gitchoff* (1977), 68 Ill. 2d 38, 369 N.E.2d 52.) Nevertheless, jurisdiction has been found based on a variety of other activities. In *Gitchoff* a foreign railroad with no Illinois tracking was held to be amenable to Illinois jurisdiction because it maintained an office in Illinois staffed with employees who solicited business and one employee who spent 60% to 80% of his working time in Illinois coordinating the movements of defendant's railcars. In *Connelly v. Uniroyal, Inc.* (1979), 75 Ill. 2d 393, 389 N.E.2d 155, *appeal dismissed* (1980), 444 U.S. 1060, 62 L. Ed. 2d 738, 100 S. Ct. 992, a product liability action, a foreign corporation was found to be doing business in Illinois because its products regularly entered Illinois in substantial amounts. In *Braband v. Beech Aircraft Corp.*, which is factually similar to the present case, defendant manufacturer was held to be present and doing business in Illinois because it maintained a contractual relationship with an Illinois distributor who, subject to defendant's inspection, was authorized to sell and required to service defendant's products. Defendant also cosponsored an Illinois sales program and advertised its products in Illinois.

Unlike *Beech Aircraft*, there is no contractual relationship between defendant here and DeHavilland, Inc., nor is DeHavilland, Inc., required to service defendant's products. In other respects, however, the justification for jurisdiction in the present case appears to be as strong or even stronger than that in *Beech Aircraft*.

Similar to the distributor in *Beech Aircraft*, DeHavilland, Inc.'s, sole business is to sell and distribute parts for defendant's airplanes. DeHavilland, Inc., is in fact defendant's only distributor in the United States. Defendant prints and distributes an "Illustrated Parts Catalog" which provides that all orders for parts in the United States should be directed to DeHavilland, Inc. All orders for parts received by defendant from its customers in the United States are likewise referred to DeHavilland, Inc. For the first six years of its existence De-

Havilland, Inc., merely ordered parts from defendant as it received orders from defendant's customers. It then paid defendant from proceeds of the sale. In 1974 DeHavilland, Inc., expanded its inventory and began to pay defendant within 30 days of shipment. Some standard parts are purchased by DeHavilland, Inc., directly from suppliers in the United States. DeHavilland, Inc., also has some discretion as to pricing.

The control exercised by defendant over DeHavilland, Inc., appears to be greater than that exercised by the defendant in *Beech Aircraft* over its Illinois distributor. Defendant owns 100% of DeHavilland, Inc.'s, stock. James B. Cox, manager and sole director of DeHavilland, Inc., was previously a service representative for defendant. He is directly responsible to Russell Bannock, president of DeHavilland, Inc., and of defendant. All the officers, with one exception, serve both corporations. They are likewise responsible to Bannock, not Cox. Stanley Kerr, DeHavilland's secretary-treasurer, made occasional trips to Chicago to discuss financing for potential customers with local banks. Expenses for these trips were paid by defendant. Defendant and DeHavilland, Inc., used a combined financial statement.

Defendant in the present case, as in *Beech Aircraft*, entered the Illinois market by way of its distributor, which was also its wholly owned subsidiary. Defendant regularly and systematically reaped substantial profits through the sale of its parts by its Illinois subsidiary. The fact that these sales were conducted indirectly through a third party does not excuse defendant from the jurisdiction of Illinois courts. (*Connelly v. Uniroyal, Inc.*) In light of the control exercised by defendant over DeHavilland, Inc., coupled with its own activities directed at promoting the sale of its product in Illinois, we hold that defendant is actively and systematically doing business in Illinois and is therefore subject to the jurisdiction of Illinois courts.

Defendant relies on *Cannon Manufacturing Co. v. Cudahy Packing Co.* (1925), 267 U.S. 333, 63 L. Ed. 634, 45 S. Ct. 250, primarily to dispute plaintiffs' alter ego theory. Nevertheless, to the extent that defendant relies on *Cannon* for its argument that defendant is not doing business in Illinois we believe that such reliance is misplaced. As noted in *Beech Aircraft*, *Cannon* was decided more than 20 years prior to *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, the decision in which the focus of the court on jurisdictional questions shifted from a defendant's "presence" in the forum State to his "minimum contacts" therewith. Consequently, *Cannon* merely purports to hold that conducting business

through a wholly owned subsidiary does not necessarily render the parent corporation amenable to process in the State where the subsidiary does business. *Braband v. Beech Aircraft Corp.*

Having determined that defendant is doing business in Illinois, we next turn to the question of whether subjecting it to Illinois jurisdiction violated due process. Under the due process clause of the fourteenth amendment there are limits to which a State is confined in asserting *in personam* jurisdiction over a nonresident corporate defendant. First, it must appear that defendant had such "minimum contacts" with the State as to render it consistent with "traditional notions of fair play and substantial justice" that it be compelled to defend itself there. (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154.) Second, assuming the requisite minimum contacts, a method of service must be employed which is reasonably designed to give defendant actual notice of the action pending against it. *Milliken v. Meyer* (1940), 311 U.S. 457, 85 L. Ed. 278, 61 S. Ct. 339.

In determining whether it is reasonable to require defendant to defend this suit in Illinois, we must focus on the quality and nature of defendant's activities here. (*International Shoe Co. v. Washington.*) In view of defendant's activities directed at promoting the sale of its products in Illinois and the profits which defendant regularly reaped as a result of such activities, we find that it does not offend traditional notions of fair play and substantial justice to require defendant to defend this action in Illinois.

Having found that jurisdiction over defendant in Illinois is both in accord with Illinois law and within the confines of due process, we next address the question of whether defendant was properly served. Since defendant was not personally served in Canada and since the cause of action is unrelated to defendant's activities in Illinois, proper service could have been effected by serving an officer or agent of defendant found within the State. Ill. Rev. Stat. 1977, ch. 110, par. 13.3.

Plaintiffs attempted to serve defendant by leaving copies of the complaints and summons with an employee of DeHavilland, Inc., at its Illinois office. In its motion to dismiss, defendant contended that this method of service was improper because DeHavilland, Inc., was not an agent of defendant for purposes of service of process pursuant to section 13.3. We do not agree. In *Beech Aircraft*, as in the present case, service on the foreign defendant was accomplished through service on its Illinois distributor. Having found that *Beech* was doing business in Illinois through its Illinois distributor, the court

also found the distributor to be the agent of *Beech* and thus a proper recipient of service of process upon *Beech.* (*Braband v. Beech Aircraft Corp.* (1977), 51 Ill. App. 3d 296, 367 N.E.2d 118.) Likewise in the present case we find that DeHavilland, Inc., was an agent of defendant for purposes of service of process.

Defendants also argue, relying on *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 366 N.E.2d 1015, that even if DeHavilland, Inc., was an agent of defendant, the requirements of section 13.3 were not satisfied because a mere employee of the agent was served. We note that this issue was not raised by defendant in its motions to dismiss. We also find that *Mason* is distinguishable. In that case neither defendant nor his agent were actually given notice of the complaint prior to the *ex parte* judgment that was entered. In the present case there is no question that defendant received actual notice. It is obvious, therefore, that plaintiffs' method of service at least met the requirements of due process.

In view of our holding, we need not address plaintiffs' contention that DeHavilland, Inc., is merely an alter ego of defendant and that defendant has therefore submitted to jurisdiction in Illinois.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiffs' causes of action are reversed and the causes are remanded for further proceedings.

Reversed and remanded.

McGILLICUDDY and WHITE, JJ., concur.