Noland WATERS and Elsie R.
Waters, Plaintiffs,

v.

DEUTZ CORPORATION, a corporation
of the State of Florida, and Klockner-
Humboldt-Deutz AG, a foreign corpora-
tion, Defendants.

Supreme Court of Delaware.

Submitted: Jan. 9, 1984.

Decided: May 11, 1984.

Alan T. Boyd (argued) and Neal J. Levit-
sky of Bayard, Brill & Handelman, P.A.,
Wilmington, for plaintiffs.

L. Susan Faw of Richards, Layton &
Finger, Wilmington, for defendant Klock-
ner-Humboldt-Deutz AG.

Before McNEILLY, MOORE, and
CHRISTIE, JJ.

McNEILLY, Justice:

The question of law presented to us upon
certification by the Superior Court arises
from a product liability action brought by
plaintiffs, Noland and Elsie R. Waters,
against defendants, Klockner-Humboldt-
Deutz AG (KHD) and Deutz Corporation
(Deutz). As stated in the Order of this
Court accepting certification dated June 30,
1983, the question of law is in essence a
two-part question:

(a) Whether 10 *Del.C.* § 3104(c) is to be
construed as conferring in personam jur-
isdiction over KHD, a foreign manufac-
turing corporation, based on the activi-
ties within Delaware of Deutz, a Florida
corporation, and a wholly owned subsidi-
ary of KHD; and

(b) Whether 10 *Del.C.* § 3104 as con-
strued comports with federal due process
requirements.

The result we reach as to such inquiry is that KHD is "doing business" within Delaware sufficient to satisfy the "minimum contacts" requirement of due process.

I

The pertinent facts are as follows:

On May 17, 1981, plaintiff, Noland Waters, a longshoreman, was operating a tractor in the course of his employment at the Port of Wilmington. During the operation of the tractor, it tipped over and, as a result, Waters sustained personal injuries. The tractor in question was manufactured by KHD, a German corporation, in Germany, where title was transferred on April 27, 1981 from KHD to Deutz, a Florida corporation and wholly-owned subsidary of KHD.

As set forth in the opinion below denying KHD's motion to dismiss for lack of personal jurisdiction, Deutz, as the exclusive distributor of KHD manufactured tractors in the United States, is the sole conduit through which KHD's tractors enter the United States. 460 A.2d 1332. Further, Deutz has imported approximately forty (40) per cent of those tractors via the Port of Wilmington and maintains a district manager within Delaware targeting the State along with others in its promotional advertising scheme. KHD, on the other hand, has no employees, offices, or showrooms within the State.

II

As indicated by the certified question, whenever an inquiry involving the existence of personal jurisdiction over a given defendant is undertaken, a two-step analysis must be set out. *Fischer v. Hilton*, D.Del., 549 F.Supp. 389 (1982). Thus, we turn first to whether in personam jurisdiction over KHD is authorized by 10 *Del.C.* § 3104(c), the Delaware long-arm statute.

Under § 3104(c), personal jurisdiction can be acquired over a non-resident defendant who engages in any of the activities described in parts (1) through (6) thereunder.[1] The plaintiffs contend that KHD derived substantial income from the tractors used in Delaware thus satisfying § 3104(c)(4) or, in the alternative, that KHD was either directly, or through its "agent" Deutz, transacting business within the State under § 3104(c)(1). KHD, meanwhile, argues that it neither transacts business in Delaware nor does it, in person or through an agent, derive substantial revenue from things used or consumed in the State. While we agree with plaintiffs' position that jurisdiction over KHD is founded upon § 3104(c)(4), we find that section is applicable, not by the possibility that KHD derives substantial revenue from the sale of tractors in Delaware, but rather by the fact that it is regularly doing business here.[2] Cf. *Maunder v. DeHavilland Aircraft of Canada, Ltd.*, 112 Ill.App.3d 879, 68 Ill.

**1.** 10 *Del.C.* § 3104(c) provides as follows:

(c) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representatives, who in person or through an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

**2.** As the plaintiffs admit, the certification order to this Court is totally devoid of any record facts as to whether KHD derived substantial revenue from the tractors used in Delaware although the order does indicate that plaintiff was using the tractor in question. Absent these facts, we see no need to further clarify as to the inapplicability of this language in § 3104(c)(4) to the present situation.

Dec. 450, 445 N.E.2d 1303 (1983) (where the Court found under somewhat similar facts that the parent corporation was "doing business" within Illinois, although the finding was not based upon an interpretation of the Illinois long-arm statute). *See also, Connelly v. Uniroyal, Inc.*, 75 Ill.2d 393, 27 Ill.Dec. 343, 389 N.E.2d, 155 (1979). So viewed, we see no need to address KHD's assertion that Deutz was not acting as its agent within Delaware.

Turning to § 3104(c)(4), we note that it is derived almost completely from § 1.03(a)(4) of the Uniform Interstate and International Procedure Act (U.I.I.P.A.), 13 U.L.A. § 1.03 (1980). *See,* Eudaily v. Harmon, Del. Supr., 420 A.2d 1175 (1980).[3] The Comment to this subdivision in the U.I.I.P.A. states:

> Section 1.03(a)(4) authorizes the exercise of jurisdiction when the tortious act or omission takes place without the state but the injury occurs within the state and there is some other reasonable connection between the state and the defendant.
>
> \*    \*    \*    \*    \*    \*
>
> A sufficient nexus exists if (a) the defendant regularly advertises his products or services in the state or (b) carries on some other continuous course of activity there or (c) derives substantial revenue from goods used or consumed or from services rendered in the state. *It is not necessary that this activity amount to the doing of business.*
>
> It should be noted that the regular solicitation of business or the persistent course of conduct required by section 1.03(a)(4) need have no relationship to the act or failure to act that caused the injury. No distinctions are drawn between types of tort actions. (emphasis added).

Since we find that KHD is "doing business" within the State, it follows *a fortiori* that KHD's activities satisfies one or more of the nexuses set out above. In particular, we find that KHD is carrying on a continuous course of activity in Delaware. We deal with the reasonableness of this connection as conferring jurisdiction over KHD in the analysis of whether due process is satisfied *infra.*

As to KHD's contention that *Canon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925) dictates a finding that it is not doing business in Delaware, we find that such reliance is misplaced. As the Supreme Court of Illinois in *Maunder, supra,* has noted:

> Cannon was decided more than 20 years prior to *International Shoe Co. v. State of Washington* 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the decision in which the focus of the court on jurisdictional questions shifted from a defendant's "presence" in the forum state to his "minimum contacts" therewith. Consequently, *Cannon* merely purports to hold that conducting business through a wholly owned subsidiary does not necessarily render the parent corporation amenable to process in the state where the subsidiary does business. *Braband v. Beech Aircraft Corp.* [72 Ill.2d 548, 21 Ill.Dec. 888, 382 N.E.2d 252 (1978) *cert. denied,* 442 U.S. 928, 99 S.Ct. 2857, 61 L.Ed.2d 296 (1979)]. 68 Ill.Dec. at 454, 445 N.E.2d at 1306.

**3.** 13 U.L.A. § 1.03, in pertinent part, provides:
§ 1.03. [Personal Jurisdiction Based upon Conduct]
(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a [cause of action] [claim for relief] arising from the person's
   \*    \*    \*    \*    \*    \*
(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or

derives substantial revenue from goods used or consumed or services rendered, in this state;
Comparing this language with that of 10 *Del.C.* § 3104(c)(4), we note that the only significant difference is that our statute provides for jurisdiction over a non-resident even if the tortious injury occurs outside the State, whereas the U.L.A. provision appears to only permit such jurisdiction where the tortious conduct occurs in the State. Thus, our statute appears to be broader in scope.

### III

Having determined that § 3104 confers in personam jurisdiction over the defendant KHD, we next turn to the question of whether subjecting KHD to Delaware jurisdiction violates the due process clause of the 14th Amendment. Here, we are concerned with whether KHD had "minimum contacts" with Delaware that compelling it to defend itself in the State would be consistent with the "traditional notions of fair play and substantial justice". *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In regard to this question, it is KHD's contention that it has not "purposely availed itself of the privilege of conducting activities within the forum state".

In determining whether "minimum contacts" exist, it is the quality and nature of KHD's activities that control. *International Shoe, supra.* As noted earlier, KHD's subsidiary, Deutz, is the sole conduit through which KHD's tractors enter the United States. Moreover, forty (40) per cent of those tractors enter the U.S. through the Port of Wilmington. Viewing these facts in the light of *International Shoe,* we find that it does not offend traditional notions of fair play and justice to require KHD to defend itself in an action in this State.

As to defendants' contention that while "KHD might have foreseen that its products would find its way to the forum state [it] does not constitute a 'reasonable expectation' that it would be defending a suit here ...", we see no merit to that position. While the Court in *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) rejected foreseeability as the sole criterion for determining whether "minimum contacts" exist, we find the following language from that opinion to be applicable here:

> [I]f the sale of a product of a manufacturer or distributor such as Audi or Volkswagen is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve,

*directly or indirectly,* the market for its product in other States it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others. The forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state. *Id* at 297–98, 100 S.Ct. at (emphasis added). Cf. *Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432, 176 N.E.2d 761 (1961).

Since there is no doubt that KHD was indirectly serving the market for its products within this State, there is likewise no doubt that Due Process would not be violated if personal jurisdiction is asserted over KHD. Accord, *Maunder v. DeHavilland Aircraft of Canada, Ltd.* and *Connelly v. Uniroyal, Inc., supra.*