Being unable to agree with the majority, I respectfully dissent.
I specifically disagree with the majority's conclusion that the Board of Review's decision was unlawful in finding appellants' unemployment was due to a labor dispute rather than a lockout. As a premise, the majority strains the principles of the case of Bays v. Shenango Co. (1990), 53 Ohio St.3d 132, to conclude that under the facts in the present case, the status quo test enunciated in Bays as applied, caused appellants' unemployment to result from a lockout.
The record discloses the appellee-employer initially locked out union employees. The issue before us, without precedent in Ohio, is whether a lockout can be converted, by conduct of the parties, to a strike, thus disqualifying workers for unemployment compensation. The majority, in their interpretation of Bays,
concludes the employer breached the status quo by its refusal to permit work under the expired collective bargaining agreement between the parties. It is here the majority overlooks a critical factual sequence underlying the Board of Review's decision and the trial court's affirmance of their decision. The parties met with a federal mediator on May 1, the critical day in this case. The mediator informed the company that the union was willing to return to work under the terms of the company's best and final offer until there was a negotiated final agreement. The company agreed to this scenario and was expecting a resumption of work on May 2. On the afternoon of May 1, the union's negotiator contacted the company and indicated that a strike vote had been taken. The company's final offer was rejected. Thereafter, a picket-line was established and the strike was official. It is also important to note, as reflected in the record, that when a union representative was asked, "now then, during these negotiations did the union at any time offer to continue to operate according to the terms of and conditions of the expiring contract," his response was "no it did not."
The record here, as found by the trial court, reveals that at no time did the union offer to return to work under the terms of the expired collective bargaining agreement. The Bays
case, in my opinion, requires some express offer by the union to continue working while negotiations continue. In the instant case, after the brief lockout and before calling the strike, the union was obligated to unequivocally communicate a willingness to continue working under the expired contract while negotiations continued. If not, the lockout, followed immediately by the strike call became a strike and changed the status of the workers from being locked out to workers unemployed as a result of a labor dispute. This factual consequence would therefore disqualify appellants from unemployment benefits during the course of the strike.
While the Pennsylvania cases alluded to in the record and by the majority in this decision are helpful, the cases are not directly on point or dispositive of the case sub judice. In any event, the Pennsylvania cases repeatedly hold that a question of whether the work stoppage resulted from a strike or lockout is a mixed question of law and fact and the Pennsylvania cases make it clear that it is legally plausible for a lockout to be converted to a strike, thus impairing rights to unemployment compensation. See Hoffman v. Commonwealth of Penn. UnemploymentComp. Bd. of Review (1986), 514 A.2d 668, Norwin School Districtv. Belan (1986), 507 A.2d 73, and High v. Commonwealth of Penn.Unemployment Comp. Bd. of Review (1984), 479 A.2d 274. Perhaps more importantly, as stated in the Norwin case, and applicable here, "the determination as to the party responsible for the initial disruption of the status quo does not end the inquiry." As revealed by the facts in this case, the initial inquiry would result in there indeed being a lockout which would permit qualification of appellants for unemployment compensation. However, further inquiry as to the actual facts relating to the work stoppage discloses that the lockout became a strike and there was no evidence that the union expressed unequivocally a willingness to work as suggested by the employer, while negotiations continued. The majority seems fixated on the original cause of the work stoppage-the lockout, but the majority gives little or no attention to the union's failure to indicate a willingness to work before calling a strike.
In my view, for reasons already stated, the facts compel a different conclusion then reached by the majority. I would affirm the decision of the trial court.