## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

SHAREIF ALI, as personal representative )
of the Estate of Ameer Ali, and JOY ANN )
MERRIFIELD, as personal representative )
of the Estate of Emily Lewis, )

        Plaintiffs, )

        v. )      C.A. No.: N11C-12-253 FSS

BEECHCRAFT CORPORATION, *et al,* )

        Defendants. )

Submitted: March 7, 2014
Decided: June 30, 2014

## ORDER

***Upon Defendant Beechcraft Corporation's Motion to Dismiss
for Lack of Personal Jurisdiction –
GRANTED***

This personal injury case stems from an airplane crash on January 21, 2010 in Alaska. Shortly after takeoff, engine failure caused Decedents' airplane to roll left fatally. Plaintiffs are Decedents' representatives. Defendants manufactured the airplane and its components. Now, Beechcraft Corporation claims its minimal Delaware contacts are not enough to subject it to general personal jurisdiction here. Hence, this motion to dismiss.

# I.

Plaintiffs filed suit on December 30, 2011. On November 26, 2013, Beechcraft moved to dismiss for lack of personal jurisdiction. The court held oral argument March 7, 2014.

# II.

As mentioned, Beechcraft argues it does not have minimum contacts with Delaware and defending here is unreasonable. As this case involves a crash in Alaska, involving Alaskans, and Defendant is a Kansas corporation, this is not a specific jurisdiction case. Rather, under Delaware's long-arm statute, Plaintiff must prove Defendant "engages in [a] persistent course of conduct in the State or derives substantial revenue from ... the State."[1] Specifically, Beechcraft argues:

> BC has no agents, distributors, dealers, employees, officers, or directors in Delaware. At no time has BC maintained real estate, bank accounts, or other interest in property in Delaware. BC does not maintain company records in Delaware, and does not hold meetings of shareholders, directors or officers in Delaware. From 2003-present, BC's sales of goods to Delaware customers have accounted for less than one percent of BC's total sales.... Nor has BC paid, or incurred any obligation to pay, taxes in Delaware since at least March 2007.

Because Defendant does not have continuous and systematic contacts with Delaware, requiring it to defend itself here is unreasonable.

---

[1] 10 *Del.C.* § 3104(c)(4).

Predictably, Plaintiffs counter Defendant's contacts are significant, establishing general jurisdiction. Specifically, Plaintiffs allege Defendant delivered five aircraft to Delaware customers since 2007, for $46,425,833.00. Federal Aviation Administration public records show that 1,436 Beechcraft aircraft are registered in Delaware. Further, Beechcraft has made 34,549 direct mailings to Delaware addresses from 2003-2013. Most persuasively, Plaintiff alleges Defendant, not its subsidiary, Hawker Beechcraft Services, maintains a 60,000-foot facility for goods, services, and customer support in Wilmington, Delaware. Each invoice from the Wilmington facility showed payment was made to Defendant, not the subsidiary. These invoices total $8,809,053.94 in Delaware revenue from May 2012 to December 2013. Further, the Wilmington facility's general manager was hired by Defendant. Essentially, Plaintiffs argue the subsidiary is, at least, an alter ego of Defendant. As the subsidiary is subject to general jurisdiction, Defendant should be also.

## III.

Before discussing the core dispute, some procedural background is important. This case was originally filed against, among others, Hawker Beechcraft, Inc., a Delaware corporation, and Raytheon Company. In May 2012, Hawker Beechcraft Inc. filed for bankruptcy. Plaintiff alleges it emerged as Beechcraft Corporation. Defendants, however, disagree. Regardless, the parties later stipulated

3

to substitute Beechcraft Corporation for those Defendants, stating "Beechcraft Corporation covenants ... it is the successor in interest and continuation of Beech Aircraft Company and Raytheon Aircraft Company."

In pertinent part, the stipulation also provides "there will be no statute of limitation defense asserted ... [but] [a]ll other defenses are preserved." Plaintiffs never argued in their briefs or at oral argument that the stipulation's defenses preservation applies to personal jurisdiction, nor that jurisdiction over Beechcraft was created by agreement. So, there is no reason not to apply traditional personal jurisdiction.

## IV.

Plaintiffs bear the burden of establishing personal jurisdiction on a motion to dismiss.[2] As discussed, the parties agree specific jurisdiction is not applicable. General jurisdiction requires a two-step inquiry.[3] First, is jurisdiction appropriate under Delaware's long-arm statute?[4] Second, would asserting jurisdiction violate due process?

## A.

Long-arm jurisdiction applies to one who "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives

[2] *Boone v. Oy Partek*, 724 A.2d 1150 (Del. Super. 1997).
[3] *Id.*
[4] 10 *Del.C.* § 3104.

4

substantial revenue from services, or things used or consumed in the State."[5] Further, a defendant's contacts with Delaware must be current.[6]

Section 3104(c)(4) is derived almost completely from § 1.03(a)(4) of the Uniform Interstate and International Procedure Act.[7] The comment to this subsection provides, "A sufficient nexus exists if (a) the defendant regularly advertises his products or services in the state or (b) carries on some other continuous course of activity there or (c) derives substantial revenue from goods used or consumed or from services rendered in the state. It is not necessary that this activity amount to the doing of business."[8] Further, the statute should be construed broadly to confer jurisdiction to the maximum extent possible.[9]

Defendant admittedly has made sales to Delaware customers averaging $6.6 million a year, which may be considered "substantial revenue." Defendant also regularly mails technical publications and safety manuals to Delaware addresses. "It is the pattern of regular solicitation which makes [Defendant] susceptible to assertion of jurisdiction."[10] Where a company solicits business to the country as a whole, has

---

[5] 10 *Del.C.* § 3104(c)(4).
[6] *Boone*, 724 A.2d at 1156.
[7] *Waters v. Deutz Corp.*, 479 A.2d 273, 275 (Del. 1984).
[8] *Id.* citing 13 U.L.A. § 1.03 (1980).
[9] *LaNuova D & B, S.p.A. v. Bowe Co., Inc.*, 513 A.2d 764, 768 (Del. 1986).
[10] *Gerber v. Young*, 1987 WL 9670 (Del. Super. 1987).

made sales in Delaware deriving substantial revenue, and conducted this activity for over a decade, section 3104(c)(4) is satisfied.[11]

**B.**

Having found Delaware's long-arm statute covers Beechcraft's Delaware business, the court turns to due process. Federal due process is a check on a state's long-arm jurisdiction. But for due process constraints, by advertising nationally a business would subject itself to suit almost anywhere even if, as it is here, none of the parties or facts has a real tie to the litigation forum. Due process permits personal jurisdiction if an out-of-state defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[12] Essentially, the court may only exercise general jurisdiction when a defendant's contacts with Delaware are "so continuous and systematic as to render [defendant] essentially at home in the forum state."[13] To underscore its point, Beechcraft emphasized at oral argument that general jurisdiction here means it is subject to suit in Delaware for any future case. The standard, accordingly, is a high one.

---

[11] *Boone*, 724 A.2d at 1158.
[12] *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) citing *Milliken v. Meyer*, 311 U.S. 457, 463 (1940).
[13] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011).

6

Plaintiffs' strongest argument, as mentioned, is that Beechcraft's subsidiary, Hawker Beechcraft Services, which indisputably does business in Delaware, is Defendant's alter ego. Plaintiff asserts Delaware customers paid Defendant directly for the subsidiary's goods. Plaintiff also argues an employee of the subsidiary employee testified both Defendant and its subsidiary use the trade name "Beechcraft" and his initial employment paperwork suggested he was hired by Defendant. Best of all is that funds passed directly to the parent. Individually and collectively those random facts do not suffice. But, assuming they did, this court simply does not have subject-matter jurisdiction to pierce the corporate veil.[14]

Plaintiffs next argue the subsidiary's Delaware contacts should be imputed to Defendant. The United States Supreme Court, addressing a similar situation in *Daimler AG v. Bauman,*[15] held even assuming the subsidiary was subject to general jurisdiction in the forum state and the subsidiary's contacts were imputable to the parent, that alone is not enough to subject the parent to general jurisdiction.[16] Further, in *Daimler*, the subsidiary and parent's contacts to the forum were significantly higher than the subsidiary and Defendant's contacts are to Delaware

---

[14] *Sonne v. Sacks*, 314 A.2d 194 (Del. 1973).

[15] 134 S.Ct. 746 (2014).

[16] *Id.* at 760 ("Even if we were to assume that MBUSA is at home in California, and further to assume MBUSA's contacts are imputable to Daimler, there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there.")

here. Accordingly, Plaintiffs must establish personal jurisdiction over Defendant in its own right, without regard to the subsidiary's contacts.

*Daimler* was no sea change.[17] *Daimler*, affirming *Goodyear Dunlop Tires Operations, S.A. v. Brown*,[18] held general jurisdiction satisfied due process only where an entity is incorporated or has a principal place of business within the forum state.[19] Neither criterion is satisfied here.

Defendant, as a national enterprise, has contacts with every state. As discussed, only where contacts are continuous and systematic, and where the defendant is at home in the state, does exercising personal jurisdiction satisfy due process. As *Daimler* pointed out, if Defendant's Delaware activities sufficed to allow general jurisdiction, "the same global reach would presumably be available in every other State in which [the subsidiary's] sales are sizeable."[20]

Accordingly, deciding what constitutes substantial contacts requires both an absolute and a relative analysis.[21] Defendant's contacts to Delaware are minimal, especially when viewed relative to its national network. The five airplanes Defendant sold in Delaware total less than one percent of Defendant's total sales. Less than one

---

[17] *E.g. Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. —, 131 S.Ct. 2846 (2011); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).
[18] 564 U.S. —, 131 S.Ct. 2846 (2011).
[19] *Id.* at 761 ("The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business.)"
[20] *Id.*
[21] *E.g. Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 199 (2d Cir. 1990); *Stewart v. Bus & Car Co.*, 293 F. Supp. 577, 583 (N.D. Ohio 1968);.

8

percent of total revenue is insubstantial as a matter of law.[22]  Similarly, as to the established Delaware contacts' triviality, airplanes are built to move beyond the point of sale.  Accordingly, FAA registration records and mailings are similarly unavailing.

In summary, the only connections between Beechcraft Corporation and Delaware are a handful of sales to Delaware customers and legally required mailings to airplane owners with Delaware mailing addresses.  While Defendant owns a subsidiary with a substantial Delaware facility, neither the facility nor the subsidiary had anything to do with the crash.  Nor do the subsidiary's contacts have any bearing on whether exercising general jurisdiction over Beechcraft comports with due process. Even viewing the record in Plaintiff's favor, it simply cannot be said that Beechcraft is "at home" in Delaware.

For the above reasons, Defendant Beechcraft Corporation's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Fred S. Silverman
Judge

cc: Prothonotary (Civil)
Katherine L. Mayer, Esquire
Matthew Rifino, Esquire
Sally Jean Daugherty, Esquire

Justin P. Callaway, Esquire
George Thomas Lees, III, Esquire
James C. Shroud, Esquire
Gary W. Aber, Esquire

---

[22] *Bell Helicopter v. C&C Helicopter*, 295 F. Supp. 2d 400 (D. Del. 2002).

9