IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ECONOMICAL STEEL BUILDING
TECHNOLOGIES, LLC, a Delaware
limited liability company,

    Plaintiff,

    v.

E. WEST CONSTRUCTION, INC., a
California corporation,

    Defendant.

C. A. No. S19C-07-040 CAK

Submitted: February 21, 2020
Decided: April 14, 2020

Upon Defendant's Motion to Dismiss the Complaint

**GRANTED**

**<u>MEMORANDUM OPINION AND ORDER</u>**

Stephen A. Spence, Esquire, Baird, Mandalas Brockstedt, LLC, 1413 Savannah Road, Suite 1, Lewes DE 19958, Attorney for Plaintiff

Catherine A. Gaul, Esquire and Randall J. Teti, Esquire, Ashby & Geddes, 500 Delaware Avenue, P.O. Box 1150, Wilmington DE 19899, Attorneys for Defendant

**KARSNITZ, J.**

# FACTUAL AND PROCEDURAL BACKGROUNFD

## THE PARTIES

Plaintiff, Economical Steel Building Technologies, LLC, is a Delaware limited liability company with its principal offices in Laguna Niguel, California. Plaintiff is a supplier of prefabricated structural steel and insulated steel building systems. Plaintiff does not install or construct improvements to real property. It is a supplier of prefabricated structural steel products to contractors like Defendant.

Defendant, E. West Construction, Inc., is a California corporation with a single office in Santa Rosa, California. As a general contractor licensed by the State of California, Defendant constructs commercial and residential buildings in Northern California. All of Defendant's employees reside in Northern California. Defendant is not registered to do business in Delaware, does not own property in Delaware, and does not maintain a Delaware office. Defendant does not solicit business in Delaware, and its operations are limited to California.

## THE AGREEMENTS

The parties entered into fourteen agreements with respect to thirteen homes and one restaurant in the State of California. Seven of these agreements contained Delaware choice of law and forum selection provisions, and seven of these agreements contained California choice of law and forum selection provisions.

1

## THE DELAWARE COMPLAINT AND THE MOTION TO DISMISS

The Complaint originally encompassed ten of these agreements: six with Delaware choice of law and forum selection provisions and four with California choice of law and forum selection provisions. The Complaint originally contained five causes of action: breach of contract, three torts (intentional interference with prospective contractual relations, intentional misrepresentation, and defamation), and a violation of the Delaware Consumer Fraud and Deceptive Trade Practices Act.[1] Subsequently, Plaintiff filed a notice of dismissal of all claims based on the parties' agreements with California choice of law and forum selection provisions, as well as the Delaware statutory fraud and deceptive trade practices cause of action. That leaves me with six agreements, all containing Delaware choice of law and forum selection provisions (the "Agreements"), and four causes of action: a breach of contract claim and three tort claims.

On November 27, 2019, Defendant filed a Motion to Dismiss (the "Motion") to dismiss all four causes of action under Superior Court Civil Rule 12(b)(2) (lack of personal jurisdiction) and Superior Court Civil Rule 12(b)(3) (improper venue), and to dismiss the three tort claims under Superior Court Civil Rule 12(b)(6) (failure to state a claim). Plaintiff filed its Answering Brief on January 7, 2020, and

---

[1] 6 *Del. C.* § 2511 *et seq.*

2

Defendant filed its Reply Brief on February 6, 2020. I heard oral argument on the Motion on February 21, 2020. For the reasons set forth below, the Motion is **GRANTED**.

## LACK OF PERSONAL JURISDICTION -- RULE 12(b)(2)

Upon a motion to dismiss for lack of personal jurisdiction under Superior Court Civil Rule 12(b)(2), Plaintiff bears the burden of establishing a basis to exercise jurisdiction over a nonresident defendant.[2] "In ruling on a Rule 12(b)(2) motion, the Court may consider the pleadings, affidavits, and any discovery of record."[3] I have accepted all well-pled factual allegations as true unless contradicted by affidavit, and I have drawn all reasonable inferences in favor of Plaintiff.[4]

## FORUM NON CONVENIENS

I begin with Defendant's forum non conveniens argument for dismissal. We use the Latin term but mean, simply, that under the facts of this case it would be (far) more convenient to litigate the case in California. No doubt it would. The response is simple. The inconvenience, as it is, was contemplated and agreed to by the parties.

---

[2] *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 437 (Del. 2005).
[3] *Ryan v. Gifford*, 935 A.2d 258, 265 (Del. Ch. 2007).
[4] *Degregorio v. Marriott Intl., Inc.*, 2018 WL 3096627, at *5 (Del. Super. June 20, 2018).

Their choice, their inconvenience. While I might find the choice suspect, my view is of no consequence given the parties' agreement. For me, when the parties agree, that agreement is controlling, at the least in the face of a forum non conveniens argument.[5] I reject this argument.

## CHOICE OF LAW, FORUM SELECTION AND DUE PROCESS

This case starkly presents the dilemma of enforcing choice of law and forum selection provisions for which the parties bargained, in circumstances where those provisions (1) make little sense and (2) violate due process precepts and ordinary choice of law principles. The former is of no consequence because the parties can agree to what makes little sense. A strong strain of our Delaware law allows independent, sophisticated parties, as are the parties to the Agreements, to have the freedom to agree to a legitimate ordering of their affairs, especially as to resolution of disputes. Forum selection provisions especially are legitimate and even favored items for bargaining. However, even the legitimate structuring of those contract rights have an outer limit set by concepts of due process and principles of

---

[5] The Court of Chancery recently ruled that a defendant had waived the argument of forum non conveniens for claims based on contracts that included clauses selecting Delaware as the forum for disputes. *AlixPartners, LLP v. Mori*, 2019 WL 6327325, at *12 (Del. Ch. Nov. 26, 2019) ("[T]he forum non conveniens doctrine is a rule of common law that parties are free to displace by a valid contractual agreement. The plain language of the forum selection clauses in the LLP Agreement and Equityholders' Agreement preclude Defendant's forum non conveniens argument as a basis for dismissal.").

4

choice of law.[6] "[C]orporations and individuals alike enter into contracts, commit torts, and deal in personal and real property."[7] "[T]hese types of matters are clearly 'external'" affairs of the corporation, not internal affairs of the corporation."[8] As to these types of matters, "[c]hoice of law decisions relating to such corporate activities are usually determined after consideration of the facts of each transaction."[9] "The choice of law determination often turns on whether the corporation had sufficient contacts with the forum state in order to satisfy the constitutional requirements of due process."[10]

As discussed in a line of cases from our Supreme Court, forum selection and choice of law contract provisions have fundamental due process limitations.[11] "For purposes of the due process analysis, the relevant inquiry is whether the nonresident defendant maintained sufficient 'minimum contacts' with Delaware such that compelling [the nonresident defendant] to defend [itself] in the State would be consistent with the traditional notions of fair play and substantial justice."[12] "The Court must determine whether exercising its jurisdiction is consistent with the Due

[6] *Salzberg v. Sciabacucchi*, 2020 WL 1280785, at *15 (Del. Supr. March 18, 2020), citing *McDermott v. Lewis*, 531 A.2d 206 (Del. 1987).
[7] *McDermott*, 531 A.2d at 214.
[8] *Salzberg* at * fn 115.
[9] *McDermott*, 531A.2d at 214 –15 (internal citation omitted).
[10] *Salzberg* at *15.
[11] *Salzberg, supra; Hercules Inc. v. Leu Tr. & Banking (Bahamas) Ltd.*, 611 A.2d 476, 480 (Del. 1992) (citing *LaNuova D & B SpA v. Bowe Co., Inc.*, 513 A.2d 764, 768 (Del. 1986)).
[12] *Waters v. Deutz Corp.*, 479 A.2d 273, 276 (Del. 1984) (internal quotation and citation omitted).

Process Clause of the United States Constitution."[13] "If Plaintiff fails to satisfy this analysis, the exercise of personal jurisdiction over Defendant is improper and the Complaint must be dismissed."[14]

In my opinion, the facts of this case exceed these due process limitations. All factors but one in this case point to California law and forum as the correct vehicles to litigate the dispute. Most importantly, the construction at issue took place in California. The only Delaware contact is that Plaintiff is a Delaware limited liability company ("LLC"). If the issues involved internal affairs of a Delaware LLC, the State of Delaware would have a substantial interest. Here, however, the issues involve external affairs of a Delaware LLC. The litigation involves performance in California of contractual duties. We should not be so benevolent as to protect a Delaware LLC from its performance or failures which occur completely outside our jurisdiction. Doing so, even with the apparent consent of the parties, would violate principles of due process.

There is a second element to the due process analysis. California has determined that the choice of law and forum selection provisions at issue violate its law.[15] For me, if federalism and giving full faith and credit to our sister State's law

---

[13] *Reid v. Siniscalchi*, 2018 WL 620475, at *14 (Del. Ch. Jan. 30, 2018); *Eagle Force Holdings, LLC v. Campbell*, 187 A.3d 1209, 1228 (Del. 2018).

[14] *Ohrstrom v. Harris Tr. Co.*, 1998 WL 8849, at *2 (Del. Ch. Jan. 8, 1998).

[15] *Cal. Code Civ. Pro.* §410.42.

6

is to mean anything, I cannot sanction the circumvention of the sister State's law attempted here. Where the parties do business in California, sign the Agreements in California, and perform the Agreements in California, neither choice of law nor forum selection principles permit litigation of a dispute arising therefrom in Delaware. In my opinion, even in the face of the parties' agreement, this would violate jurisdictional principles grounded in due process. Therefore, in the very unusual circumstances of this case, I determine that this Court lacks jurisdiction and I order dismissal of the case.

## CONCLUSION

For the reasons set forth in this Opinion, I grant Defendant's Motion to Dismiss the Complaint.

**IT IS SO ORDERED.**

Craig A. Karsnitz

cc:     Prothonotary's Office

7