CULLIGAN INTERNATIONAL COMPANY, Plaintiff-Appellee, v. WALLACE, ROSS, AND SIMS, f/k/a Wallace, Ross, and Harris, Defendant-Appellant.

First District (4th Division)   No. 1—94—0949

Opinion filed May 4, 1995.

O'Connor, Schiff & Myers, of Chicago (Elliot R. Schiff, Loretta M. Griffin, and Ana Maria L. Downs, of counsel), for appellant.

Steven H. Mora, of Mora & Baugh, Ltd., of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

We address the exercise of jurisdiction by Illinois courts over a West Virginia law firm retained by an Illinois resident to defend a lawsuit filed in West Virginia. When the suit settled, the Illinois resident, Culligan International Company, sued the West Virginia law firm, Wallace, Ross, & Sims, in Illinois for malpractice. Wallace was served with summons in West Virginia. Wallace then filed a special and limited appearance to quash service for lack of personal jurisdiction. After briefing and argument, the trial court denied the motion to quash, but certified the following question for appeal under Supreme Court Rule 308(a) (134 Ill. 2d R. 308(a)): "Whether a nonresident attorney representing an Illinois resident in a lawsuit filed in West Virginia is subject to the jurisdiction of an Illinois court for activities asserted in plaintiff's complaint."

We denied leave to appeal. The supreme court entered a supervisory order directing this court to consider the matter on its merits. We do so and affirm the trial court.

■ A court's assertion of personal jurisdiction satisfies the United States Constitution when it comports with "traditional notions of fair play and substantial justice." (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.) Courts consider three criteria to determine whether a trial court's assertion of jurisdiction over a nonresident defendant satisfies due process: (1) whether the nonresident defendant had "minimum contacts" with the forum State such that it had "fair warning" that it may be required to defend there; (2) whether the action arose out of or relates to the defendant's contacts with the forum; and (3) whether it is reasonable to require the defendant to litigate in the forum State. *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 472-78, 85 L. Ed. 2d 528, 540-44, 105 S. Ct. 2174, 2181-85.

Due process under the Illinois Constitution requires that jurisdiction be asserted only when it is "fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood* (1990), 141 Ill. 2d 244, 275, 565 N.E.2d 1302.

Wallace contends that none of the criteria for due process are met because the underlying action was filed in West Virginia, Wallace never appeared in an Illinois court, and no depositions were taken in Illinois. Wallace asserts that the "only contact with Illinois is the fact that Culligan is an Illinois resident." But Wallace concedes that a Wallace attorney wrote letters and made telephone calls to Culligan in Illinois and traveled to Illinois and discussed the lawsuit with Culligan officials at its Northbrook headquarters on November 25, 1992.

■ The "fair warning" requirement is satisfied if defendant purposefully directed its activities at Illinois residents or purposefully derived benefits from the interstate activities. *Burger King*, 471 U.S. at 471-78, 85 L. Ed. 2d at 540-44, 105 S. Ct. at 2181-85; *Ores v. Kennedy* (1991), 218 Ill. App. 3d 866, 872-73, 578 N.E.2d 1139.

In *Ores*, an Illinois plaintiff sued an Illinois law firm for legal malpractice; the law firm impleaded Golden, a Texas lawyer. The evidence showed that the Illinois law firm retained Golden on plaintiff's behalf to admit an estate to probate in Texas. Golden wrote letters and made telephone calls to the plaintiffs, to attorneys at the defendant law firm, to the trust department at the First National Bank of Chicago, and also sent a letter to the Continental Bank in Chicago. Golden billed the plaintiffs directly for these telephone calls and letters. This court held that Golden had fair warning he might be required to defend himself in Illinois because of his conduct and connections with Illinois and because he "purposefully directed" his activities at Illinois residents. The court also noted that he derived a financial benefit from the activities directed at Illinois residents.

■ We find nothing in the facts of this case that distinguishes the conduct of Wallace from that of the Texas lawyer in *Ores*. Wallace "purposefully directed" activities and intentionally provided legal services to an Illinois resident in Illinois. Unlike the attorney's legal work in *Yates v. Muir* (1986), 112 Ill. 2d 205, 209-10, 492 N.E.2d 1267, which was "performed *exclusively* in Kentucky," Wallace undertook legal activities in Illinois. A Wallace attorney traveled to Illinois and discussed the pending litigation with his client's officers in their Illinois offices. He also made telephone calls and sent letters to Culligan. Wallace tailored its representation—which consisted of a visit, telephone calls, and letters—to the needs of its client, Culligan. Wallace also derived financial benefit from its activities. It billed Culligan for time spent on calls, correspondence, and the visit to Illinois.

Wallace points out that the underlying law suit filed in West Virginia did not arise out of activities in Illinois. But the essence of this malpractice action is the nature and quality of Wallace's representation and communications to Culligan after the West Virginia suit was filed.

The United States and Illinois Constitutions further require the exercise of personal jurisdiction over a nonresident defendant to be reasonable. Once "purposeful availment" is shown, the exercise of jurisdiction is presumptively reasonable. The nonresident defendant must then present a compelling case that the exercise of jurisdiction is unreasonable. (*Burger King*, 471 U.S. at 472-78, 85 L. Ed. 2d at 540-44, 105 S. Ct. at 2181-85.) To determine reasonableness, we consider

"the forum State's interest in resolving the dispute, the plaintiff's interest in obtaining relief, and the interests of the several States, including the forum State, in the efficient judicial resolution of the dispute and the advancement of substantive social policies." *Wiles v. Morita Iron Works Co., Ltd.* (1988), 125 Ill. 2d 144, 152, 530 N.E.2d 1382, citing *Asahi Metal Industry Co. v. Superior Court* (1987), 480 U.S. 102, 113, 94 L. Ed. 2d 92, 106, 107 S. Ct. 1026, 1034.

We observe in passing that the issue of personal jurisdiction occasionally raises questions about the convenience of the forum. The third element of the *Burger King* test—whether it is reasonable to require the defendant to litigate in the forum State—recognizes that even though a defendant may have done something to subject himself to the jurisdiction of a court, the burdens of litigating in that court may be so heavy that the defendant's due process rights are implicated. Our supreme court rules recognize the relationship as well. Rule 306(a)(1) allows appeals to be taken, with leave of court, contesting the convenience of the forum or personal jurisdiction under successive subsections of the Rule. 134 Ill. 2d Rules 306(a)(1)(ii), (a)(1)(iii).

But the concepts are distinct. An attack on the convenience of the forum can succeed even though minimum contacts exist and the action clearly arose out of or relates to the defendant's contacts with the forum State. The inconvenience of litigating in the forum need not rise to constitutional dimensions to make a convincing argument that the forum is the wrong place to require the defendant to litigate. On the other hand, to resist personal jurisdiction, the defendant must show that minimum contacts do not exist and that the underlying action does not arise out of or relate to the defendant's contacts with the forum. In the words of our supreme court rules, the defendant must move to dismiss "on the grounds that the defendant has done nothing which would subject him to the jurisdiction of the Illinois courts." 134 Ill. 2d R. 306(a)(1)(iii).

At this point, circumstances that address the inconvenience of the forum may be so compelling that due process concerns based upon reasonableness arise. We find no arguments in Wallace's brief that compel us to address them in the context of personal jurisdiction.

Wallace fails to present a compelling case that jurisdiction is unreasonable. We believe it is not unreasonable to require Wallace to submit to jurisdiction in Illinois. The State has an interest in resolving Culligan's legal malpractice suit. Culligan alleges in its suit that Wallace's activities resulted in an adverse settlement which caused Culligan to suffer economic loss. Illinois has an interest in providing

234

its residents with a forum to redress injuries allegedly caused by nonresident tortfeasors. Wallace's argument that a West Virginia court "would be just as interested as an Illinois court in providing an open forum to hear claims of alleged legal malpractice" is more appropriate for a comparison analysis addressing the convenience of the forum. See *Burger King*, 471 U.S. at 477 & n.20, 483 & n.26, 85 L. Ed. 2d at 544 & n.20, 547-48 & n.26, 105 S. Ct. at 2185 & n.20, 2188 & n.26.

Affirmed.

THEIS and S. O'BRIEN, JJ., concur.