# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Unterreiner v. Pernikoff**, 2011 IL App (5th) 110006

---

| | |
|---|---|
| Appellate Court Caption | CHERYL A. UNTERREINER and KIM UNTERREINER, Plaintiffs-Respondents, v. DAVID PERNIKOFF, M.D., *et al.*, Defendants-Petitioners. |
| District & No. | Fifth District<br>Docket No. 5-11-0006 |
| Rule 23 order filed<br>Motion to publish granted | October 14, 2011<br><br>November 18, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a medical malpractice case arising from a Missouri physician's treatment of plaintiff, the denial of defendants' motion to dismiss for lack of jurisdiction or motion to quash service was reversed and the cause was remanded with directions to dismiss the complaint with prejudice, since the Illinois court had no jurisdiction where defendants were licensed and operated only in Missouri, plaintiff was treated in Missouri, and defendants' single telephone call in which one of defendant's employees left a message asking plaintiff to call defendants could not be equated with voluntarily invoking the protections and benefits of the laws of the State of Illinois and was too attenuated to support jurisdiction. |
| Decision Under Review | Appeal from the Circuit Court of Madison County, No. 10-L-1038; the Hon. A.A. Matoesian, Judge, presiding. |

| | |
|---|---|
| Judgment | Reversed; cause remanded with directions. |
| Counsel on Appeal | J. Thaddeus Eckenrode and Lisa Howe, both of Eckenrode-Maupin, of St. Louis Missouri, for respondents. |
| | Drew C. Baebler, of Bauer & Baebler, P.C., and Philip C. Denton, of Law Office of Philip C. Denton, both of St. Louis Missouri, for petitioners. |
| Panel | JUSTICE SPOMER delivered the judgment of the court, with opinion. Justices Donovan and Wexstten concurred in the judgment and opinion. |

**OPINION**

¶ 1      The defendants, David Pernikoff, M.D., *et al.*, petition this court to reverse the order of the circuit court of Madison County that denied the defendants' motion to dismiss for lack of jurisdiction and/or motion to quash service. For the reasons that follow, we reverse the ruling of the trial court and remand with directions.

¶ 2                          FACTS

¶ 3      On October 6, 2010, the plaintiffs, Cheryl A. Unterreiner and Kim Unterreiner, filed a complaint in the circuit court of Madison County, alleging medical malpractice against the defendants. On October 26, 2010, the defendants filed their motion to dismiss for lack of jurisdiction and/or motion to quash service. On December 10, 2010, the circuit court denied the motion of the defendants, finding that "there were minimum contacts" for personal jurisdiction to exist, and this timely appeal followed. The facts necessary to our disposition of this appeal are taken from the various filings of the parties and are as follows. The plaintiffs are long-time residents of Highland, in Madison County, Illinois. Defendant Dr. David Pernikoff, who treated plaintiff Cheryl Unterreiner, is a Missouri resident and physician licensed to practice medicine in Missouri, but not in Illinois. Codefendant David J. Pernikoff, M.D., P.C., is the Missouri professional corporation under which Dr. Pernikoff practices. The defendants have never advertised for clients in Illinois and have never owned or leased any real or personal property in Illinois. In 2002, Cheryl underwent an aortic valve replacement with a mechanical valve and was placed on Warfarin as an anticoagulant. The defendants monitored Cheryl's anticoagulant levels. Cheryl traveled to Missouri for her medical care appointments with the defendants. On September 4, 2008, at one such appointment, Cheryl's blood was drawn so that her levels could be checked. The results were not immediately available because the levels were checked by an outside laboratory in

Missouri. However, "within a few days," an employee of the defendants called the plaintiffs' home in Illinois and left a message for Cheryl on the plaintiffs' telephone answering machine to call the defendants in Missouri because her anticoagulant levels were low. From her home in Illinois, Cheryl returned the telephone call and was instructed to take more Warfarin and to return to the defendants' office in Missouri in a month to have the levels checked again. On October 7, 2008, prior to her return appointment, Cheryl suffered a stroke that resulted in serious injuries. She alleges that negligent care by the defendants caused the stroke.

¶ 4                                                      ANALYSIS

¶ 5        The parties agree that the narrow question before this court is whether the defendants had sufficient minimum contacts with the State of Illinois for an Illinois court to exercise personal jurisdiction over the defendants. We begin with a brief discussion of Illinois law relevant to this narrow question. Before an Illinois court may exercise jurisdiction over a nonresident defendant, that court must ensure its exercise of jurisdiction "comports with 'traditional notions of fair play and substantial justice.' " *Culligan International Co. v. Wallace, Ross, & Sims*, 273 Ill. App. 3d 230, 231 (1995) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To so ensure, the court must consider three criteria:

>    "(1) whether the nonresident defendant had 'minimum contacts' with the forum State such that it had 'fair warning' that it may be required to defend there; (2) whether the action arose out of or relates to the defendant's contacts with the forum; and (3) whether it is reasonable to require the defendant to litigate in the forum State." *Culligan*, 273 Ill. App. 3d at 231 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-78 (1985)).

"The determination as to what constitutes sufficient minimum contacts depends upon the facts of each case." *Ballard v. Fred E. Rawlins, M.D., Inc.*, 101 Ill. App. 3d 601, 603 (1981). However, for sufficient minimum contacts to exist, "[t]he defendant must have voluntarily invoked the protections and benefits of the laws of the state" in question. *Muffo v. Forsyth*, 37 Ill. App. 3d 6, 9 (1976). A plaintiff may not "lure" a nonresident defendant into a jurisdiction, and the mere "unilateral action of the plaintiff in seeking and obtaining the service of the defendant cannot serve to satisfy the jurisdictional requirement" of minimum contacts. *Muffo*, 37 Ill. App. 3d at 9. When a defendant contests the existence of personal jurisdiction, the plaintiff bears the burden of proving its presence. *Ballard*, 101 Ill. App. 3d at 604. If the trial court has based its decision about personal jurisdiction solely on documentary evidence, as the court did here, our review of that decision is *de novo*. *Kostal v. Pinkus Dermatopathology Laboratory, P.C.*, 357 Ill. App. 3d 381, 383 (2005).

¶ 6        In the case at bar, the only contacts the defendants had with the State of Illinois were the unanswered phone call placed by the defendants in Missouri to the plaintiffs' Illinois home and the return phone call, which resulted in a conversation, from the plaintiffs' Illinois home to the defendants' office in Missouri. The plaintiffs contend these contacts were sufficient to invest an Illinois court with jurisdiction over the defendants because "Dr. Pernikoff chose not to have [Cheryl] come to his office in Missouri for a consultation, but instead chose to prescribe treatment to Cheryl over the phone to her home in Madison County." According to the plaintiffs, the telephone communication "initiated by Dr. Pernikoff's office *** was

the incipient negligence in this case that directly led to" the plaintiffs' damages. The defendants counter that one phone conversation does not amount to the minimum contacts necessary for personal jurisdiction over them to exist. We agree with the defendants.

¶ 7　　In *Muffo v. Forsyth*, 37 Ill. App. 3d 6, 9 (1976), this court held that when an Illinois resident seeks out treatment from a nonresident provider, the mere fact that the nonresident provider is aware that the Illinois resident "would likely fill" the provider's prescription in Illinois is not sufficient to invest personal jurisdiction over the nonresident. That is because the Illinois resident "was the motivating force for the relationship" and, having sought treatment in Missouri, could reasonably be required "to return to Missouri to prosecute any actions arising out of that treatment." *Muffo*, 37 Ill. App. 3d at 10. Thus, for sufficient minimum contacts to exist, "[t]he defendant must have voluntarily invoked the protections and benefits of the laws of the state" in question. *Muffo*, 37 Ill. App. 3d at 9. A plaintiff may not "lure" a nonresident defendant into a jurisdiction, and the mere "unilateral action of the plaintiff in seeking and obtaining the service of the defendant cannot serve to satisfy the jurisdictional requirement" of minimum contacts. *Muffo*, 37 Ill. App. 3d at 9.

¶ 8　　Likewise, in *Ballard v. Fred E. Rawlins, M.D., Inc.*, 101 Ill. App. 3d 601, 605 (1981), we held that even when a nonresident provider calls prescriptions in to an Illinois pharmacy, the mere fact that the nonresident provider asked the Illinois resident for the name of a pharmacy close to where the Illinois resident lived, "such [pharmacy] being in Illinois, is an insufficient basis for subjecting the [nonresident provider] to the jurisdiction of Illinois." Building upon our reasoning in *Muffo* and *Ballard*, the appellate court held in *Veeninga v. Alt*, 111 Ill. App. 3d 775, 779 (1982), that the "unilateral activity" of an Illinois resident "in seeking and obtaining medical services outside of Illinois" led to the alleged damages to that resident and that, accordingly, the nonresident provider "was not amenable to the jurisdiction of Illinois courts." That was true in *Veeninga* even though the Illinois resident's prescriptions had been filled in Illinois, he had injected himself with the prescribed drugs in Illinois, and the allegation in his complaint was that the prescription drugs were unnecessary and had been negligently prescribed to him. 111 Ill. App. 3d at 776.

¶ 9　　We conclude that under the reasoning found in these above three cases, and others that have followed them, there is no personal jurisdiction in the case at bar. The defendants operate their medical office exclusively in Missouri and are licensed to practice medicine only in Missouri. They have never advertised for clients in Illinois and have never owned or leased any real or personal property in Illinois. Plaintiff Cheryl Unterreiner unilaterally sought out the defendants and traveled to Missouri to receive treatment from them. Although it is true, as the plaintiffs suggest, that the defendants could have required Cheryl to visit their office in Missouri to receive the advice to adjust her Warfarin levels, we do not believe the fact that the defendants chose to so advise her, in a solitary phone call, can be equated with the defendants having "voluntarily invoked the protections and benefits of the laws of the State" of Illinois. See, *e.g.*, *Muffo v. Forsyth*, 37 Ill. App. 3d 6, 9 (1976). The defendants' contact with Illinois is simply far too attenuated and fortuitous to support jurisdiction. Cheryl could have returned the defendants' phone call from any number of jurisdictions, including Missouri. A rule of law that allowed personal jurisdiction over a physician on the basis of a single phone call would effectively ensure that no physician ever delivered instructions

-4-

over the telephone, or via e-mail, for that physician could never know with certainty where they might eventually be haled into court as a result of those instructions. See, *e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486 (1985) (forseeability of being haled into the forum's courts is an important consideration in deciding whether the nonresident defendant has purposefully established minimum contacts with the forum state). We note that courts in other jurisdictions have reached the same result. See, *e.g.*, *Prince v. Urban*, 57 Cal. Rptr. 2d 181, 184 (Cal. Ct. App. 1996) ("Follow up consultation ancillary to the examination and treatment made by the out-of-state doctor, telephone calls about the status of an out-of-state patient, or arrangements for a patient to continue with medication prescribed by that doctor" not sufficient minimum contacts.); *Campbell v. Gasper*, 102 F.R.D. 159, 162 (D. Nev. 1984) (use of mails or telephone alone does not amount to purposeful activity); *Bond v. Messerman*, 895 A.2d 990, 1000-01 (Md. 2006) (telephone calls and correspondence alone are not sufficient contacts to satisfy due process); *Greenberg v. Miami Children's Hospital Research Institute, Inc.*, 208 F. Supp. 2d 918, 926 (N.D. Ill. 2002) (telephone calls and correspondence alone not sufficient basis for personal jurisdiction).

¶ 10      Each of the three cases cited by the plaintiffs in support of their position is factually distinguishable from the case at bar. In *Ores v. Kennedy*, 218 Ill. App. 3d 866, 869-70 (1991), personal jurisdiction was found over a Texas attorney who corresponded by mail and by telephone with, and on behalf of, a client in Illinois. The mail and telephone contacts between the third-party defendant attorney and the Illinois client and the other Illinois residents the attorney contacted on the client's behalf were numerous, numbering at least 20 phone calls and multiple letters by mail and courier. *Ores*, 218 Ill. App. 3d at 869-70. Accordingly, the appellate court found that the attorney had " 'purposefully directed' his activities at Illinois residents" because he had "repeated business contacts" with the Illinois residents while carrying out his fiduciary duties to an estate and the estate's executors and that he "purposefully derived a financial benefit" from these contacts by billing the estate for the time he spent conversing and corresponding with the Illinois residents. *Ores*, 218 Ill. App. 3d at 873. Moreover, the claim in question was a contribution claim, and the *Ores* court stressed that because Illinois public policy favors contribution, the State of Illinois had "a substantial interest" in the contribution action. *Ores*, 218 Ill. App. 3d at 874. In contrast, in the case at bar there was only one phone conversation, for which no one was billed, and no other Illinois contacts.

¶ 11      In *Culligan International Co. v. Wallace, Ross, & Sims*, 273 Ill. App. 3d 230, 231 (1995), the appellate court determined that personal jurisdiction existed over a West Virginia law firm retained by an Illinois resident to defend a West Virginia lawsuit because a lawyer from the firm wrote letters to, made telephone calls to, and eventually visited for purposes of discussing the case, the plaintiff's headquarters in Illinois. On the basis of these multiple contacts, and the fact that the firm "derived financial benefit from its activities," the court concluded that the defendant firm had " 'purposefully directed' activities and intentionally provided legal services to an Illinois resident in Illinois." *Culligan*, 273 Ill. App. 3d at 232. As explained above, in the case at bar there was only one phone conversation, for which no one was billed, and no other Illinois contacts.

¶ 12      Likewise, in *Klump v. Duffus*, 71 F.3d 1368, 1372 (7th Cir. 1995), personal jurisdiction

was found over a North Carolina attorney who was hired by an Illinois resident to defend a lawsuit in an Illinois court involving an auto accident that involved two Illinois residents and occurred in Illinois, because there were multiple and frequent telephonic and mail contacts with Illinois residents, whereas in the case at bar there was only one phone conversation, for which no one was billed, and no other Illinois contacts.

¶ 13    In sum, the three cases cited by the plaintiffs are far too removed, factually, from the case at bar to control our decision.

¶ 14                                    CONCLUSION

¶ 15    For the foregoing reasons, the trial court erred when denying the defendants' motion to dismiss and/or quash service. Accordingly, we reverse the trial court's ruling and remand with directions to the trial court to dismiss the plaintiffs' complaint with prejudice.

¶ 16    Reversed; cause remanded with directions.